858 F.2d 144
 NEELY, Blane, Appellant,
v.
ZIMMERMAN, Charles H., Superintendent,
and
the Attorney General of the State of Pennsylvania
and
District Attorney of Philadelphia County.
 No. 87-1781.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 15, 1988.
Decided Oct. 3, 1988.
Rehearing and Rehearing In Banc Denied Nov. 7, 1988.
 
 Claire J. Rauscher, Edward H. Weis (argued), Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellant.
 Karen L. Grigsby (argued), Gaele McLaughlin Barthold, William G. Chadwick, Jr., Ronald D. Castille, Elizabeth J. Chambers, Dist. Atty's. Office, Philadelphia, Pa., for appellee.
 Before STAPLETON and MANSMANN, Circuit Judges, and FISHER, District Judge.*
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 A state prisoner challenges his Pennsylvania conviction in a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254(b) (1982), alleging that his constitutional right to counsel was abridged during a custodial interrogation.
 
 
 2
 We decline to consider the district court's resolution of the merits of the prisoner's claim, and, instead, affirm the dismissal of the petition on the alternate rationale that an "independent and adequate state procedural ground" as per Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), precludes federal review of this petitioner's state court conviction here. Specifically, we conclude that the federal claim was waived by petitioner's failure to raise it in a written post-trial motion, a procedure mandated in Pennsylvania courts since the Pennsylvania Supreme Court decision in Commonwealth v. Gravely, 486 Pa. 194, 404 A.2d 1296 (1979).
 
 
 3
 Because Neely has not presented "cause" for noncompliance with the procedural rule nor advanced a demonstration of "actual prejudice" resulting from the alleged unconstitutional infringement on his right to counsel in accordance with Wainwright v. Sykes, 433 U.S. at 87, 97 S.Ct. at 2506, we will affirm the district court. The petition will be dismissed without prejudice to raise the unexhausted ineffectiveness of counsel claim within the appropriate state forum.
 
 I.
 
 4
 On March 18, 1977, Blane Neely and several others were arrested by the Philadelphia police incident to a drug raid. At the scene a large amount of heroin, cash and two handguns were seized. Neely was charged with the manufacture, delivery or possession with intent to deliver a controlled substance, possession of an instrument of crime and criminal conspiracy.
 
 
 5
 While awaiting trial, Neely fled to California. During his fugitive stay there, Neely patronized a chemical store which was operated by Jeffrey Bordok. Neely ordered from Bordok certain chemicals commonly known as precursor drugs in the manufacture of the narcotic methamphetamine. Unbeknown to Neely, however, Bordok was acting as the proprietor of the store in his capacity as an undercover agent for the Federal Drug Enforcement Agency.
 
 
 6
 Sometime thereafter, on July 30, 1979, Bordok was informed that Neely, now in custody in the Los Angeles County jail, requested a meeting with him. Prior to visiting Neely in prison, Bordok learned of the drug charges pending against Neely in Philadelphia.
 
 
 7
 Bordok met with Neely a number of times at the county jail. During one of these meetings, Bordok told Neely that he was interested in purchasing some heroin and asked whether Neely could supply him. Neely responded affirmatively. In discussing the proposed sale, Neely assured Bordok that the heroin would be of good quality, since he would obtain it from the same source which supplied the heroin leading to the criminal charges for which he was presently incarcerated.
 
 
 8
 Prior to his trial in Pennsylvania, Neely moved to suppress the evidence of his incriminating remarks to Bordok. Neely argued that under Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the statements were unlawfully obtained in violation of his sixth amendment right to the assistance of counsel during custodial interrogation. The trial judge denied the suppression motion and Bordok was permitted to testify.
 
 
 9
 On January 18, 1980, following a jury trial, Neely was convicted of the state charges arising from the March 1977 drug raid. Neely was then sentenced to terms of imprisonment totalling 15-30 years and was fined $50,000.
 
 
 10
 Neely retained new counsel and appealed his conviction to the Superior Court of Pennsylvania. Although several of the allegations of error were based on the admission of Bordok's testimony, the Superior Court determined that Neely had preserved for appellate review only his claim that trial counsel was ineffective in failing to object to Bordok's testimony as inadmissible evidence of other criminal activity. The Superior Court found that Neely had waived the remaining claims by his failure to raise them in written post-verdict motion as required by Commonwealth v. Gravely, 486 Pa. at 198, 404 A.2d at 1298 (1979). Numbered among the "waived" claims was the sixth amendment Massiah claim originally raised by Neely's pretrial suppression motion. The Superior Court thus affirmed Neely's conviction.
 
 
 11
 Neely reasserted the sixth amendment claim in his Petition for Allowance of Appeal to the Pennsylvania Supreme Court. The petition was denied. Neely then sought a writ of certiorari in the United States Supreme Court, once again raising the right to counsel claim. The Supreme Court likewise declined to hear the matter.
 
 
 12
 Neely filed the present petition for habeas corpus in the district court citing the unlawful admission of his uncounselled statements to Agent Bordok while in custody in California.[1]
 
 
 13
 The Commonwealth's response to the petition in the district court did not address the rationale underlying the Pennsylvania Superior Court's finding of waiver. The Superior Court had succinctly found that the "boilerplate" post-trial allegations were insufficient to preserve certain issues for review. The Commonwealth's discussion of waiver before the district court, however, subsumed in its argument that Neely had failed to exhaust his state remedies with respect to his Massiah claim. The Commonwealth argued that the claim was not exhausted because, a finding of waiver notwithstanding, the question could be presented again to the Pennsylvania appellate courts by way of a Post Conviction Hearing Act petition via an allegation that counsel was ineffective by his failure to file post-verdict motions adequate to preserve the sixth amendment claim.
 
 
 14
 The district court, adopting the magistrate's recommendation, correctly determined that Neely's substantive Massiah claim, having been raised on direct appeal to the Superior Court of Pennsylvania and by Petition for Allowance of Appeal to the Pennsylvania Supreme Court, had been exhausted.[2] Without any discussion of the waiver issue, (a determination separate and distinct from an inquiry concerning whether a claim had been exhausted), the district court proceeded to examine the merits of the petitioner's Massiah claim and denied the request for habeas relief. Neely appealed.
 
 II.
 
 15
 Before us now Neely once again urges that he was denied his sixth amendment right to counsel based on the Massiah prohibition against uncounselled custodial interrogation. Neely also insists that the state trial court's finding that his statements to Bordok were spontaneous was unsupported by the record. Finally, Neely anticipates the Commonwealth's waiver argument and asserts that neglecting to raise his Massiah claim by written post-verdict motion was not an independent state procedural ground adequate, under Wainwright v. Sykes, 433 U.S. at 87, 97 S.Ct. at 2506, to bar federal habeas review of a state conviction.
 
 
 16
 Invoking our power of plenary review, we turn first to the legal question of procedural default. Resolution of this issue will determine whether the district court was justified in examining the merits of Neely's sixth amendment claim. "A federal court must assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into claims of constitutional error in a state conviction." Reynolds v. Ellingsworth, 843 F.2d 712, 717 (3d Cir.1988), (citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).
 
 
 17
 The federal court's first step must be to examine whether the state waiver is "independent" of the federal claim and "adequate" to preclude federal review. If that question is resolved in the negative, a federal court may overlook the state waiver and proceed to the merits of the petitioner's constitutional claim. On the other hand, if the state procedural default is found to be independent and adequate, the petitioner must show "cause" for non-compliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation. Id.
 
 
 18
 We proceed now to the petitioner's claim that his state procedural default was not adequate to bar federal review. " '[T]he question of how and when defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question.' " Id. at 719, quoting Henry v. Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965).
 
 
 19
 The district court should have addressed this question before proceeding to the merits of the petitioner's constitutional claim. As it is purely a question of law, and has been briefed by both parties, we will address it now to determine whether the district court properly moved to a decision on the merits.
 
 
 20
 We begin our analysis, as we must, with an examination of the procedural default on which the state court relied for its finding of waiver.
 
 
 21
 The Pennsylvania Superior Court, on direct appeal, declined to reach the merits of the sixth amendment claim because trial counsel had failed to enumerate this allegation in Neely's post-verdict motions. The Superior Court grounded its decision on the rule in Commonwealth v. Gravely, 486 Pa. at 198, 404 A.2d at 1298, wherein the Pennsylvania Supreme Court acknowledged that a brief raising issues not included in written post-verdict motions, together with consideration of such issues by the trial court, had in the past been sufficient to preserve them for appellate review. Having experienced dissatisfaction with this circumventing method of preserving issues for appeal, however, the Court held that, effective sixty days from the filing of Gravely, only those issues specifically enumerated in written post-verdict motions as required by Pa.R.Crim.P. 1123 would be deemed reviewable on appeal.[3] Id.
 
 
 22
 To decide whether Gravely provides an independent and adequate basis for precluding federal habeas review of Neely's claims, we turn to the three factors relied upon by the Supreme Court in Wainwright v. Sykes, 433 U.S. at 85-86, 97 S.Ct. at 2505-2506. We must determine: (1) whether the state procedural requirement is stated in unmistakable terms; (2) whether the state courts have refused to review the claims on the merits, and (3) whether the state courts' refusal in this instance is consistent with other state decisions. Id.
 
 
 23
 Clearly, the second factor has been satisfied. The Pennsylvania Superior Court, applying the Gravely rule, refused to consider the merits of Neely's sixth amendment claim. Neely argues, however, that both of the other elements required by Sykes are absent here. He asserts that Pa.R.Crim.P. 1123 does not govern here in "unmistakable terms" to preclude review because the trial judge failed to advise him on the record, as required by paragraph (c) of Rule 1123,[4] that only the grounds contained in written post-verdict motions may be raised on appeal. Neely argues that Pennsylvania courts have held that the preclusive effect of Rule 1123 governs only when the trial court has so instructed the defendant.[5]
 
 
 24
 With respect to the third and final element, Neely argues that to read Rule 1123 to preclude review in this case is inconsistent with the court's application of the rule in other cases where the trial court has failed to give the required cautionary instruction.[6]
 
 
 25
 Paramount for our review purposes, however, is that Neely has been unable to show that the asserted inadequacy of the trial court's instruction was ever brought to the attention of the state appellate courts. With respect to the Superior Court's finding of waiver, Neely argued to the Pennsylvania Supreme Court only that trial counsel had properly preserved the issue by filing "boilerplate" motions followed by "supplemental papers" raising the right to counsel issue. He also noted that the claim was discussed both at the trial court hearing and in the trial judge's opinion on the post-verdict motions.
 
 
 26
 Neely could hardly have expected relief from the waiver based on the very procedure expressly rejected in Gravely. Gravely unmistakably interpreted Pa.R.Crim.P. 1123 as articulating a waiver rule for claims not raised by written motion. We will not entertain a claim for relief from that waiver based on assertions of the inconsistent application of the rule when the asserted inadequacy of the trial court's instruction, now relied upon to demonstrate the state appellate courts' inconsistency, was never challenged in state court.
 
 
 27
 We conclude that the rule in Gravely, as applied in the circumstances of this case, is an adequate and independent state ground precluding federal habeas review of the merits of Neely's sixth amendment claim. Therefore, unless Neely establishes legal cause for and prejudice from his state procedural default, his petition must be dismissed.
 
 
 28
 Neely's brief on appeal anticipated the Commonwealth's argument regarding his procedural waiver. Despite this recognition, Neely chose to rely on his assertion that the state waiver was inadequate to preclude federal review, and never alleged cause nor prejudice in any court.[7]
 
 
 29
 We conclude that although the district court erred in reaching the merits of Neely's sixth amendment claim, we will nevertheless affirm the denial of the petition on the alternate ground of state procedural waiver. The dismissal is without prejudice to Neely to file for state review the unexhausted ineffectiveness of counsel allegation.
 
 
 
 *
 Honorable Clarkson S. Fisher of the United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 Neely also claimed a violation of the fourth amendment in connection with the seizure of evidence, but he later deleted this unexhausted claim to avoid dismissal of his petition in accordance with Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (mixed petitions containing both exhausted and unexhausted claims must be dismissed in their entirety)
 
 
 [2]
 Issues are exhausted when the Pennsylvania Supreme Court has been afforded the opportunity to remedy alleged constitutionally infirm convictions. Keller v. Petsock, 853 F.2d 1122, 1126, (3d Cir.1988). Judicial interpretation of the exhaustion requirement of 28 U.S.C. Sec. 2254 does not require consideration and discussion of claims by state courts, rather, necessitates only a presentation of claims to these courts. Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir.1984) (citations omitted)
 
 
 [3]
 The opinion in Gravely was filed on July 6, 1979. Neely's post-trial motions were filed on January 24, 1980
 
 
 [4]
 In pertinent part, Rule 1123(c) reads:
 (c) Upon the finding of guilt, the trial judge shall advise the defendant on the record; (1) of the right to file post-verdict motions and of the right to assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.
 
 
 [5]
 We do not discuss the Pennsylvania cases cited by Neely in support of his Rule 1123 argument since they predate Gravely and are, therefore, not persuasive authority. Neely's reference to our 1984 decision in Swanger v. Zimmerman, 750 F.2d 291 (3d Cir.1984), however, requires comment
 Our opinion in Swanger was directed to the district court's error in concluding that the substantive issues had not been exhausted in the state courts. As here, the Pennsylvania Superior Court had concluded that Swanger waived two claims for failure to include them in post-trial motions. We determined that the Superior Court's finding of waiver satisfied the exhaustion requirement, because it served as clear evidence that Swanger had presented the issues for review. We also concluded that, for exhaustion purposes, the correctness of the Superior Court's conclusion was irrelevant. Nonetheless, we noted that a proper determination of waiver was pertinent to the federal question of whether Swanger had committed a procedural default. The district court did not address the procedural default issue and we declined similar scrutiny because the necessary state court records were not before us. We did, in a footnote, make a preliminary observation that since it appeared that the trial judge did not give the instructions required by Pa.R.Crim.P. 1123(c), perhaps Swanger did not commit a procedural default. (We caution that this comment concerning the lack of waiver was based upon pre-Gravely authority. Swanger's post-trial motions were filed prior to the effective date of the Gravely mandate of absolute compliance.)
 Unlike our decision in Swanger to return the case to the district court to adjudicate the issue of procedural default, we do not feel a remand is appropriate in this instance. First, the issue of procedural default here is a legal question over which we exercise plenary review. The record is factually clear that the Pennsylvania Superior Court cited the Gravely non-compliance and that Neely ignored this in his petition for review to the Pennsylvania Supreme Court. It is only now, before us, that Neely raises for the first time a claim which should have been presented to the Pennsylvania Supreme Court in his petition for review, i.e., that the trial judge failed to instruct him in accordance with Pa.R.Crim.P. 1123(c). Therefore, this argument of "no procedural default" has now been waived.
 If Neely argues that the "cause" for procedural default, as per Wainwright v. Sykes, 433 U.S. at 84, 97 S.Ct. at 2505, and Reynolds v. Ellingsworth, 843 F.2d at 717, was his counsel's ineffectiveness in failing to argue on appeal that the trial judge had not adequately instructed Neely regarding the import of post-trial motions, then state court is the proper review forum. In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court held that while ineffectiveness of counsel can be a cause for procedural default, in view of the goal of the exhaustion doctrine to prevent disruption of state judicial proceedings, claims of ineffective assistance should be presented to the state courts before such assertions form the basis of cause for procedural default. Id. at 489, 106 S.Ct. at 2646.
 
 
 [6]
 Our research of post-Gravely decisions indicates steadfast application of the rule that only issues raised in post-trial motions will be credited appellate consideration. See, e.g., Commonwealth v. Parker, 494 Pa. 196, 200 n. 2, 431 A.2d 216 (1981); Commonwealth v. Manigault, 501 Pa. 506, 462 A.2d 239 (1983)
 However in Commonwealth v. Reed, 488 Pa. 221, 412 A.2d 477 (1980), the Pennsylvania Supreme Court, referring to the specific limitations outlined in Gravely, nonetheless refused to impose a waiver where the record does not show that the defendant was aware of the consequences of failure to file post-verdict motions. Accord, Commonwealth v. Green, 312 Pa.Super. 265, 458 A.2d 951 (1983).
 
 
 [7]
 The Superior Court opinion noted that Neely's appellate counsel had not alleged that trial counsel was ineffective in failing to file conforming post-verdict motions. Commonwealth v. Neely, 296 Pa.Super. 553, 438 A.2d 628 (1981)