864 F.2d 306
 BOND, Richard C., Appellant,
v.
FULCOMER, Thomas A., Superintendent, and the Attorney
General of the State of Pennsylvania and the
District Attorney of Philadelphia County.
 No. 88-1279.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 15, 1988.
Decided Jan. 3, 1989.
 
 Janet W. Mason (argued), Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for appellant.
 Elizabeth J. Chambers (argued), Chief, Federal Litigation, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., Ronald D. Castille, Dist. Atty., Philadelphia, Pa., for appellees.
 Before HIGGINBOTHAM and MANSMANN, Circuit Judges, and DUMBAULD, District Judge.*
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 Richard Bond, a state prisoner, appeals the dismissal of a federal habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254d(1) (1982). The district court, adopting the report and recommendation of the U.S. Magistrate, concluded that since Bond failed to meet the exhaustion of state remedies requirement of Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1982); 28 U.S.C. Sec. 2254(b), (c), he was not eligible for federal relief.
 
 
 2
 We conclude that Bond's petition for allocatur to the Pennsylvania Supreme Court, albeit untimely and denied without comment, constituted compliance with the exhaustion requirement. We therefore find that the district court erred on this issue. We also conclude that the Pennsylvania Supreme Court's denial of Bond's allocatur petition was on procedural grounds which triggers an analysis of whether the procedural default effected a waiver of Bond's claim pursuant to Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Because Bond alleges that the "cause" for the procedural default was ineffectiveness of counsel, we dismiss the petition, consistent with our recent decision in Neely v. Zimmerman, 858 F.2d 144 (3d Cir.1988), without prejudice for Bond to pursue this issue in the state courts under the Pennsylvania Post-Conviction Relief Act if he so desires.
 
 I.
 
 3
 On October 29, 1984, Richard Bond appeared before the Court of Common Pleas of Philadelphia County for a violation of probation hearing. The hearing was conducted over a three day period, at the conclusion of which his probation was revoked and a six to twenty year state sentence was imposed. The reason for the length of the hearing resulted from Bond's allegations that he had not previously received the required Gagnon I hearing.[1] The Common Pleas Court, however, found as a fact that such a hearing was scheduled, that Bond received written notice of the hearing, that Bond was brought to the holding cell in the courthouse in anticipation of the hearing, that the sheriff went to bring Bond to the courtroom and called for Bond and that Bond failed to respond to his name. The court thereby concluded that Bond had voluntarily waived his presence. Because of Bond's voluntary waiver, the court decided that the Gagnon I detainer hearing held in absentia satisfied the requirements of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
 
 
 4
 Bond, through counsel, appealed the judgment of sentence to the Superior Court of Pennsylvania claiming as error the denial of the Gagnon I hearing and the trial court's alleged failure to state adequately on the record the reasons for the sentence imposed. The Pennsylvania Superior Court concluded that because Bond did not complain about the lack of the Gagnon I hearing either when the probation detainer was placed against him or in his application to remove the probation detainer that he was not entitled to release from custody or a new probation violation hearing. The court also found that the trial court had adequately stated on the record the reasons for the sentence imposed. A per curiam order affirming the judgment of sentence was filed on July 24, 1986.
 
 
 5
 Six months later, on January 21, 1987, Bond inquired of the Prothonotary of the Supreme Court of Pennsylvania whether a petition for allocatur had been filed on his behalf. Bond was informed that no such appeal had been filed. In March of that year, Bond's court-appointed counsel sent Bond the following letter:
 
 
 6
 This is in response to your letter dated March 2, 1987 wherein you protested my rejection of your collect phone calls as well as my refusal to file a petition for review in your behalf.
 
 
 7
 Firstly, I know of no rule which requires that I accept any collect calls in a matter where I am a court appointed counsel. Secondly, I enclose for your review a copy of Rule 1114 of the Pennsylvania Rules of Appellate Procedure. I suggest that you take particular note of the three notes appearing below the Rule and you will then understand why a petition for allowance of appeal was not filed by this office.
 
 
 8
 Lastly, with respect to your statement about my competency, please feel free to bring any claims under the Post Conviction Hearing Act.
 
 
 9
 Bond then filed, on June 30, 1987, a pro se self-styled petition for allowance of appeal nunc pro tunc. Other than a statement in the recital of facts that his court-appointed counsel abandoned him after the Pennsylvania Superior Court's affirmance of sentence, Bond did not present any reason for the petition's untimeliness. Bond then argued the identical issues upon which the Pennsylvania Superior Court appeal was based and was subsequently denied. On August 4, 1987, at No. 120 E.D.Misc.Docket 1987, the petition for allowance of appeal was denied without comment.
 
 
 10
 Bond filed the federal habeas petition before us now, again raising the absence of the Gagnon I hearing and the failure of the court to state the reasons for sentencing on the record. The government answered the petition, alleging that it must be dismissed for failure to exhaust state remedies.[2]
 
 
 11
 The U.S. Magistrate assigned to the matter agreed that Bond failed to exhaust his state court remedies. The magistrate presumed that the Supreme Court of Pennsylvania denied Bond's petition on procedural grounds and not on the merits. The magistrate then concluded that this procedural history frustrated the exhaustion requirement and determined that Bond must first pursue the remedy afforded by the [then] Pennsylvania Post-Conviction Hearing Act, 42 Pa.Cons.Stat.Ann. Sec. 9541 et seq. (Purdon 1982), to establish cause for procedural default. The magistrate's recommendation to dismiss for failure to exhaust state remedies was adopted by the district court.
 
 
 12
 This appeal followed and we have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 2253.
 
 
 13
 In a federal habeas proceeding, review of the district court's legal conclusions is plenary and factual findings in dispute are reviewed under the clearly erroneous standard. Sullivan v. Cuyler, 723 F.2d 1077 (3d Cir.1983).
 
 II.
 
 14
 Rather than disputing the district court's conclusion that the exhaustion requirement had not been met, Bond argues that exhaustion is excused because of ineffectiveness of counsel. The government's response is that since the Pennsylvania Supreme Court's denial of allocatur was not a decision on the merits, state remedies have not been exhausted. The government further asserts that because Bond's own procedural default prevented state court review, the proper avenue of recourse is pursuant to the state Post-Conviction Relief Act.
 
 
 15
 The real issue here is not whether exhaustion is excused but, rather, whether the district court erred in finding that Bond had not fulfilled the exhaustion requirement of Sec. 2254.
 
 
 16
 Questions of exhaustion are governed by various considerations which, as this case demonstrates, seem facially inconsistent but are substantively compatible. First, it is well established that exhaustion is not a jurisdictional requirement. Its exercise relies upon interests of comity between the state and federal systems. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). In Chaussard v. Fulcomer, 816 F.2d 925 (3d Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 139, 98 L.Ed.2d 96 (1987), we held that the exhaustion requirement of 28 U.S.C. Sec. 2254 has been judicially interpreted to mean that claims must have been fairly presented to the highest state court tribunal. Accord Keller v. Petsock, 853 F.2d 1122 (3d Cir.1988). "Fairly presented" means that the claim must be substantially equivalent to that litigated in the state court. Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). Both the legal theory and the facts supporting a federal claim must have been submitted to the state court. O'Halloran v. Ryan, 835 F.2d 506 (3d Cir.1987), citing Gibson v. Scheidemantel, 805 F.2d 135 (3d Cir.1986).
 
 
 17
 Despite the strong preference to afford state courts the first opportunity to adjudicate the claims of its prisoners, the highest state court, however, need not have ruled on the merits of the claims for them to have been sufficiently presented for purposes of exhaustion. Swanger v. Zimmerman, 750 F.2d 291 (3d Cir.1984); Mayberry v. Petsock, 821 F.2d 179, 184 n. 2 (3d Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987).
 
 
 18
 This dichotomy of interests is exemplified in the issue before us: does presentment of an untimely petition to the state's highest court represent substantial compliance with the strong preference for state appellate review under the exhaustion requirement. We hold that it does.
 
 
 19
 Particularly relevant to this case is our decision United States ex rel. Caruso v. Zelinsky, 689 F.2d 435 (3d Cir.1982), in which the appellant had filed an untimely petition for post-conviction relief, raising the same claim as in the federal habeas petition. We concluded that the appellant had exhausted his state remedies since the "claim was fairly presented to the state courts albeit in an untimely fashion." Id. at 439. Although we are here dealing with a direct appeal to the Pennsylvania Supreme Court and not a collateral appeal as in Caruso, we see no reason to distinguish the holding in Caruso from this matter.
 
 
 20
 We must, of course, be satisfied that Bond did raise the merits of the issues he now presents to the federal courts. Since a state court's opinion is not dispositive of the question of whether a petitioner has exhausted its claim, the "silence" of the allocatur denial order is irrelevant. We scrutinize instead the petitioner's pleadings and briefs before the court. Gonce v. Redman, 780 F.2d 333 (3d Cir.1985), appeal after remand, 845 F.2d 1011 (3d Cir.1988). In his petition for allocatur Bond clearly outlined the Gagnon I claim to the highest state court before presenting this federal habeas petition. Therefore, we conclude that the exhaustion requirement has been satisfied.
 
 III.
 
 21
 Finding exhaustion, a federal court must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claims of constitutional error in a state conviction. Neely v. Zimmerman, 858 F.2d 144 (3d Cir.1988). Thus, as a preliminary matter, we must decide whether the Pennsylvania Supreme Court's denial of allocatur reflects a consideration and dismissal of the merits or constitutes a dismissal on procedural grounds caused by untimeliness.
 
 
 22
 We have not yet resolved the question of whether a denial of an allowance of an appeal nunc pro tunc indicates absolute reliance on a procedural rule. From the face of the order the Pennsylvania Supreme Court's intention is not discernible. That the court considered the petition on the merits would not be inconsistent with the delineation in the petitioner's application that the reason for its untimeliness was his counsel's abandonment. See Moore v. Fulcomer, 609 F.Supp. 171 (E.D.Pa.1985). It is not totally unreasonable to assume that the Pennsylvania Supreme Court found this a justifiable reason for delay, considered the petition on the merits, and denied it nonetheless.[3]
 
 
 23
 It is more probable, however, that although the reasons for the denial of allocatur are not expressly stated, the order should be interpreted as a denial of relief on procedural grounds alone.
 
 
 24
 In United States ex rel. Caruso v. Zelinsky, 689 F.2d at 440, we found implicit in County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) that where it is unclear whether the state court applied the procedural default rule, the Supreme Court would respect a procedural default had it found one. Additionally, the Court of Appeals for the Fifth Circuit has held that where a state supreme court affirmed the denial of a habeas relief without comment, the court may be presumed to have applied its state law to reject the claim on the basis of the procedural default. Preston v. Maggio, 705 F.2d 113 (5th Cir.1983). In Maggio, also relying on Ulster County, 442 U.S. at 147-54, 99 S.Ct. at 2219-23, the court stated that in determining the basis for a state court's denial of habeas relief without reasons the same considerations are applicable as in making the determination in cases in which the state court has been less than explicit, but not silent. These considerations include: (1) whether the state court has used procedural default in similar cases to preclude review of the claim's merits; (2) whether the history of the case suggests that the state court was aware of the procedural fault; and, (3) whether the state court opinions suggest reliance upon procedural grounds or a determination on the merits. Preston v. Maggio, 705 F.2d at 116.
 
 
 25
 Although the present matter concerns a direct appeal rather than denial of habeas relief, the considerations outlined in Maggio apply with equal force. In this case, the petition for allowance of appeal nunc pro tunc was filed approximately one year late. Although the general rule indicates that an appellate court may not enlarge time for filing a notice of appeal, In re Gorham, 272 Pa.Super. 145, 414 A.2d 712 (1979); 42 Pa.Cons.Stat.Ann. Sec. 5504 (Purdon 1978), an appeal nunc pro tunc is occasionally allowed when the appellant establishes that the failure to file a timely appeal was the result of fraud or its equivalent or a breakdown in the court's operation. Commonwealth v. Englert, 311 Pa.Super. 78, 457 A.2d 121 (1983). Permission for untimely appeals is granted on a case by case basis and is clearly the exception, not the rule. Thus, as far as the first consideration--the trend of the courts to utilize procedural default in similar cases--the scale is greatly tilted on the side of procedural default over decision on the merits.
 
 
 26
 The second factor, whether the history of the case demonstrates that the state court was aware of the procedural default, requires no speculation. We can consider that the petition was filed one year late, was labelled as one requesting an appeal nunc pro tunc, mentioned the reason for its untimeliness and was placed on the miscellaneous docket. It is a reasonable assumption that the court was aware that this petition was untimely.
 
 
 27
 The third factor, whether the state court opinions suggest reliance upon procedural grounds, is the main question here. The Pennsylvania Supreme Court's order is silent but since denials of petitions for untimeliness are not usually accompanied by opinion, we can conclude that the court's one-line denial indicates reliance upon procedural grounds.
 
 
 28
 In addition to the factors outlined in Maggio, we also consider that the statements in Bond's out-of-time application for allocatur were not sufficient to allow the Pennsylvania Supreme Court to determine whether a nunc pro tunc appeal was appropriate, i.e., was the cause of its tardiness either fraud or breakdown in the operation of the courts. Bond merely made a statement that counsel abandoned him after the Pennsylvania Superior Court decision. Bond advances no further representations concerning his attempts to ascertain his appeal rights nor does the record before us reveal that he provided the Pennsylvania Supreme Court, as he did the federal court, with a copy of the letter from his counsel explaining why an appeal was not filed on his behalf.
 
 
 29
 Given the partiality for a finding of procedural default, we conclude that, under the Maggio factors, the Pennsylvania Supreme Court denied Bond's petition for review because it was untimely filed. To facilitate resolution of future claims presented in this procedural posture, we announce today a rule that when a nunc pro tune allocatur petition is perfunctorily denied without discussion, when its untimeliness is apparent, and when sufficient facts to override the general disallowance of extended times for appeal are absent in the petition, the denial of allocatur can be presumed to be based on a procedural default caused by its untimeliness.
 
 IV.
 
 30
 Our next inquiry is whether the denial for untimeliness effectuates a waiver of Bond's federal claim. A procedural default analysis is triggered when state courts have refused to hear a federal constitutional claim because of a state law procedural default, see Hochman v. Rafferty, 831 F.2d 1199 (3d Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988). Although, for obvious reasons, the district court did not discuss waiver nor did the parties brief the issue, since it is a question of law, we will address it.
 
 
 31
 Under our analysis set forth in Reynolds v. Ellingworth, 843 F.2d 712 (3d Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 403, 102 L.Ed.2d 391 (1988), the federal court's initial duty is to examine whether the state waiver is independent of the federal claim and adequate to preclude federal review. Id. at 717. Then,
 
 
 32
 [i]f that question is resolved in the negative, a federal court may overlook the state waiver and proceed to the merits of the petitioner's constitutional claim. On the other hand, if the state procedural default is found to be independent and adequate, the petitioner must show cause for non-compliance with the state rule and actual prejudice resulting from the alleged constitutional violation.
 
 
 33
 Neely v. Zimmerman, 858 F.2d 144 at 147.
 
 
 34
 In Reynolds, 843 F.2d at 717, and again in Neely v. Zimmerman, 858 F.2d at 148, we called upon the three-part test outlined in Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to decide whether a state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims. We must ascertain if (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits, and (3) the state courts consistently apply the procedural rules.
 
 
 35
 As to the first factor, there is no ambiguity in either Pa.R.App.Proc. 903(a) establishing the 30-day appeal period or in 42 Pa.Cons.Stat.Ann. Sec. 5504 which generally disallows extensions of time for the filing of appeals.
 
 
 36
 Regarding the refusal to hear the claim on the merits, we have already announced satisfaction with this requirement. It can be fairly assumed that when an issue is not presented in a procedurally correct manner and there is no mention of the merits in the order denying the review petition, the decision was based on procedural error.
 
 
 37
 The third consideration to determine waiver due to procedural default concerns the consistency in which the state courts apply the procedural rule. Although untimely petitions are regularly dismissed, leave to file nunc pro tunc appeals has been granted. Bond's appeal to the Pennsylvania Supreme Court, however, represented a hybrid between a late appeal and a request to petition untimely. Bond acknowledged the appeal was out of time, titled the pleading "nunc pro tunc" and mentioned his counsel's abandonment. He did not, however, present arguments why such leave should be granted. Rather than engage in further conjecture, i.e., upon which procedural default did the Pennsylvania Supreme Court base its denial of Bond's appeal, we search for more concrete analytic footing to determine the consistent application of the state law.
 
 
 38
 When counsel has been found ineffective for failure to file an appeal, permission for nunc pro tunc appeals has been allowed. See Commonwealth v. West, 334 Pa.Super. at 295, 482 A.2d at 1343. This indicates that there is an exception to disallowing untimely petitions--namely, when ineffectiveness is alleged and proven. Since there are exceptions to the procedural rule, Bond should be given opportunity to show cause and prejudice for the default. It is clear from the record that Bond alleges that the cause for the petition's untimeliness was counsel's failure to file the appeal; however, the record is not sufficiently complete for a conclusion that the failure to file was necessarily due to ineffectiveness. Under Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court held that while ineffectiveness of counsel can be a cause for procedural default, in the interest of comity, these claims should be presented first to the state courts. Id. at 489, 106 S.Ct. at 2649.
 
 V.
 
 39
 Therefore, although we reverse the district court on the exhaustion issue, we conclude, in accord with Murray v. Carrier, that dismissal without prejudice to file a state Post Conviction Relief Act petition is mandated. If Bond's ineffectiveness claim is successful, prior state precedent would allow leave to file nunc pro tunc to the Pennsylvania Supreme Court. If the Pennsylvania Supreme Court then denies Bond's appeal on the merits, he may then choose to return to the district court for federal review.
 
 
 
 *
 Honorable Edward Dumbauld of the United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 One of the minimum due process requirements of a parole or probation revocation is a preliminary hearing to determine whether there is probable cause to believe that the parolee or probationer has committed a violation. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)
 
 
 [2]
 The government also argued that, in regard to the sentencing issue, Bond had presented the issue in state courts solely on state procedural grounds and had not framed it in the context of a constitutional violation. In this regard, Bond amended his petition to delete this portion of his claim
 Counsel for Bond continued to raise the sentencing issue in the brief filed in this appeal. Counsel did acknowledge at oral argument that this issue is no longer a part of the appeal.
 
 
 [3]
 Failure of appointed counsel to file an appeal at his client's behest has provided reason for a finding of ineffectiveness giving rise to allowance for appeal nunc pro tunc. Commonwealth v. West, 334 Pa.Super. 287, 482 A.2d 1339 (1984)