Robert **COSTON**

v.

Charles H. **ZIMMERMAN** and The Attorney General of the State of Pennsylvania.

Civ. A. No. 89–2758.

United States District Court, E.D. Pennsylvania.

Nov. 14, 1989.

---

28. Marisol's fourth defense. Document 10 of record.

Robert Coston, pro se.

Elizabeth J. Chambers, Asst. Dist. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This is a petition for writ of habeas corpus that was previously dismissed when I adopted the report and recommendation of the magistrate. Petitioner filed an appeal and the case was remanded "with directions to the district court to decide whether exhaustion has been satisfied and, if appropriate, to consider the merits of Coston's allegations." Because I find that Coston has sufficiently exhausted his state remedies and is not barred from habeas relief by procedural default in state court I will order his petition heard on the merits.

Coston was convicted of robbery and possession of an instrument of crime and sentenced to ten to twenty years imprisonment by Judge Marvin R. Halbert of the Philadelphia Court of Common Pleas. Coston has also been ordered to serve a consecutive three years by the Pennsylvania Board of Probation and Parole.

After his conviction Coston filed post-trial motions which were denied by the trial court. Subsequently, he appealed to the Pennsylvania Superior Court which affirmed the judgment of sentence without a published opinion, *Commonwealth v. Coston*, — Pa.Super. —, 555 A.2d 937 (1988). Coston filed a *pro se* petition for allowance of appeal *nunc pro tunc* to the Pennsylvania Supreme Court which was denied. His conviction was affirmed by the Superior Court on December 20, 1988 so his petition to the Supreme Court was due January 19, 1988. On February 21, 1989, his petition was denied. Either Coston filed his late petition very soon after it was due, or the Supreme Court was able to dismiss it very quickly.

The petition states that Coston is advancing here the same arguments that were rejected by the trial court and the Superior Court and would have been advanced to the Supreme Court, if he filed on time. The petition was referred to the magistrate who issued a report and recommendation that the petition should be denied because of Coston's procedural default in failing to file a timely petition for allowance of appeal, and the absence of a showing of cause for and prejudice from the default. Coston emphasizes that he is not showing any cause for his failure to file on time, because he does not want the court to conclude that his procedural default was a result of ineffective assistance of counsel and deny his petition so that he could make that claim for the first time in the state system under *Bond v. Fulcomer*, 864 F.2d 306 (3d Cir.1989). I adopted the report and recommendation of the magistrate. Coston appealed and the Court of Appeals remanded the case that I dismissed on procedural default grounds for consideration of whether or not the petitioner has exhausted his state remedies.

 The most recent Third Circuit case on what constitutes exhaustion of state remedies for purposes of habeas corpus relief is *Peoples v. Fulcomer*, 882 F.2d 828 (3d Cir.1989). That case was remanded by the Supreme Court to the Court of Appeals for further consideration after the Court decided that merely filing a petition for allocatur

with the Pennsylvania Supreme Court is not sufficient to exhaust state remedies. In that case the petitioner claimed, among other things, that he was wrongly denied a bench trial and unconstitutionally forced to endure a trial by jury of his peers. He argued this in his post-trial motions to the trial court, but did not make the argument to the Superior Court in his direct appeal. In that case the court stated:

> [W]e hold that People's claim for relief because of the denial of the bench trial is exhausted, as it is clear that it is procedurally barred under Pennsylvania law. Under the Pennsylvania Post Conviction Relief Act, 42 Pa.Cons.Stat.Ann. § 9541 et seq. (Purdon Supp.1989), a petitioner, to obtain relief must prove, among other things, "(t)hat the allegation of error has not been previously litigated." Id. at § 9544(a)(1). As we have indicated, Peoples did raise the bench trial issue in the trial court but did not appeal on that point to the Superior Court. Accordingly, the bench trial issue would be regarded in a Pennsylvania Post Conviction Relief Act proceeding as "previously litigated" and Peoples thus could not obtain relief by reason of its denial in such a proceeding.

Peoples v. Fulcomer, supra, slip op. at 5–6. Since Coston has done more than Peoples did, actually appealing to the Superior Court, it follows that his claims must also be exhausted. Thus, despite the implication of the word "exhaustion," in order to exhaust state remedies, a Pennsylvania prisoner does not have to present an issue to every Pennsylvania court that he can in order to exhaust it. He merely has to present it to any Pennsylvania court, except to the Supreme Court by petition for allocatur.

Thus, Coston has clearly fulfilled the exhaustion requirement.

■ Before deciding whether it is necessary to consider the merits of Coston's petition the question of whether it is barred by procedural default in state court must be decided. The procedural default that might preclude consideration of the merits of the petition is failure to have filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court. On February 21, 1989 the Pennsylvania Supreme Court issued a per curiam order that stated: "the request to proceed in forma pauperis is granted and the Motion for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc is denied."

This case is strikingly similar to the case of Bond v. Fulcomer, 864 F.2d 306 (3d Cir.1989). In that case Bond was convicted of a criminal offense, filed post-trial motions, appealed to the Superior Court, and filed a late pro se petition for allowance of appeal with the Pennsylvania Supreme Court. The court held that the petition should be dismissed because the cause that the petitioner advanced for his late filing, ineffective assistance of counsel, should be first presented in the state court. On the issue of whether a one sentence dismissal of a late petition for allocatur should be considered a dismissal for procedural reasons, the court stated:

> To facilitate resolution of future claims presented in this procedural posture, we announce today a rule that when a nunc pro tunc allocatur petition is perfunctorily denied without discussion, when its untimeliness is apparent, and when sufficient facts to override the general disallowance of extended times for appeal are absent in the petition, the denial of the petition, the denial of allocatur can be presumed to be based on a procedural default caused by its untimeliness.

Id. at 311. This is, I think, a very accurate presumption to make. I certainly have never heard of a case in which the Pennsylvania Supreme Court has considered on the merits a late petition for allocatur. In this case, I find the possibility vanishingly small that the Pennsylvania Supreme Court considered on the merits and dismissed Coston's petition on the merits within a month of its filing. If I found that the ruling of Bond v. Fulcomer was still good law, I would find that Coston's late filing of his petition for allocatur was a procedural default and since Coston insists he is advancing no cause for his procedural default, I would dismiss the petition. However, I

believe that this case has been modified by the recent United States Supreme Court case of *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

In that case, the Supreme Court faced the issue of whether a procedural default should be found where the state court opinion mentioned a procedural default, did not state whether it based its holding on that default, then went on to discuss the substance of the petitioner's appeal. The Court held that because the state court opinion did not contain a "plain statement" that "clearly and expressly" stated that the court was relying on the procedural default, the procedural default would not be a bar to habeas review. In dissent Justice Kennedy stated:

> The majority's opinion also reflects little consideration of the perverse incentives created by its holding. Because an ambiguous state-court order will ensure access to a federal forum, prisoners whose claims otherwise would be procedurally barred now have every incentive to burden state courts with a never-ending stream of petitions for post-conviction relief. Such perseverance may, in due course, be rewarded by a suitably ambiguous rebuff, perhaps a one-line order finding that a prisoner's claim "lacks merit" or stating that relief is "denied."

*Id.* 109 S.Ct. at 1054. In fact, Pennsylvania prisoners will not have to make more than one late petition to a state appellate court in order to get a one line order that merely states their petition is denied. In response to Justice Kennedy the majority stated:

> [T]he dissent's fear, *post,* pp. 1053–1054, and n. 6, that our holding with submerge courts in a flood of improper prisoner petitions is unrealistic: a state court that wishes to rely on a procedural bar rule in a one-line *pro forma* order easily can write that "relief is denied for reasons of procedural default."

*Id.* at 1044, n. 12. Thus, it appears that in this case, Coston's late filing of his petition for allocatur cannot be taken as a procedural default because the Pennsylvania Supreme Court's order merely said it was denied.[1]

For these reasons petitioners claims will be heard on the merits.

---

1. What is not clear is why a state court would want to include a sentence in a one line order to the effect that a petition is being denied for procedural reasons. It appears to me that there are now practically no procedural bars to federal collateral review of Pennsylvania convictions and they will all have to be heard on the merits. The only requirement of exhaustion is that the claimed relief be considered by any Pennsylvania court any time except by petition for allocatur to the Supreme Court. Few procedural defaults will be found unless the courts start explaining orders that they do not now explain because everyone knows what they mean. When the procedural default is a close question, when it must be explained in an opinion because there are arguments on both sides, federal review may be barred, but when it is so obvious that there is a procedural default that nothing need be said, for example, a late appeal, federal review is available. Any Pennsylvania prisoner looking for federal review should be able to get it for any claim. If he has never presented the argument in a state court he could file a P.C.R.A. petition in the trial court to exhaust it, if it is denied file the appeal one day late, then proceed to federal court as soon it is denied. If having some habeas petitions procedurally barred advances any policies or interests of the federal court system, those policies and interests are not going to be advanced in cases involving Pennsylvania prisoners.