

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2008

# Hernandez v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hernandez v. Hendricks" (2008). *2008 Decisions*. Paper 1439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5389
_____

RAMON HERNANDEZ,

Appellant

v.

ROY L. HENDRICKS, Superintendent,
New Jersey State Prison;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,

Appellees.

_____

On Appeal from United States District Court
for the District of New Jersey
District Court No.: 02-cv-02636
District Judge: Honorable John C. Lifland
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: March 17, 2008)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Ramon Hernandez appeals the District Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We granted a certificate of appealability to consider whether the state trial court's failure to convene a hearing regarding the prosecutor's allegedly improper use of peremptory challenges violated Hernandez's rights to equal protection and due process under the Fourteenth Amendment. The District Court found that Hernandez's request for a "*Gilmore* hearing" was a state law claim not subject to federal habeas review. We also asked the parties to address whether Hernandez's claim was properly exhausted.

I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here. When considering habeas petitions, federal district courts are confined to determining whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Insofar as a petitioner challenges the correctness of an application of state law without alleging a deprivation of any federal right, he may not obtain habeas relief. *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Conversely, dismissal of state constitutional claims does not preclude federal habeas review of analogous federal constitutional claims. *Simmons v. Beyer*, 44 F.3d 1160, 1166 (3d Cir. 1995).

2

Here, Hernandez articulated his claim almost entirely as one of state constitutional law when he requested a *Gilmore* hearing and referenced the New Jersey Constitution. Hernandez also set forth a federal constitutional claim when he argued in his petition for writ of habeas corpus that "[t]he lower courts[sic] failure to grant a *Gilmore* hearing in this matter violated petitioner's right to due process and a fair trial as guaranteed by . . . the Constitution of the United States 14th Amendment." Likewise, in his supplemental habeas petition, Hernandez noted that *Batson v. Kentucky*, 476 U.S. 79 (1986), holds that the use of peremptory challenges to exclude jurors based on their race violates the Equal Protection Clause of the Fourteenth Amendment. Hernandez claimed that "the trial judge did not want to deal with this issue" and denied his request for a hearing "on an issue that needed direct participation from the prosecutor to make a determination as to whether a clear and concise reason existed for the peremptory challenges made." Hernandez's reference to the Equal Protection Clause, coupled with his citation to *Batson*, is sufficient to state a federal constitutional claim that is cognizable under the federal habeas statute. *See, e.g., Brinson v. Vaughn*, 398 F.3d 225 (3d Cir. 2005).

II.

We turn to the question of exhaustion, which requires a habeas petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In addition, federal constitutional claims must be

3

"fairly presented" to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner has "fairly presented" his claim if he presented the same factual and legal basis for the claim to the state courts in such a way as to place them "on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). After the District Court dismissed Hernandez's petition, we explained that to exhaust his claim a petitioner need only demonstrate: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, or (d) an allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007). Furthermore, a claim is exhausted as long as the state court had the opportunity to address the federal claim, regardless of whether it addressed it on the merits or dismissed it on procedural grounds. *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989).

In his supplemental *pro se* brief before the New Jersey Appellate Division, Hernandez claimed that the "defendant was hispanic, few hispanics were included in the jury array, the prosecutor peremptorily challenged every hispanic juror except one; and the defendant was tried by a jury of ten whites, one black, and one hispanic." This pattern, Hernandez asserted, "established a prime facie [sic] showing that the prosecutor exercised his challenges because of group bias," and required remand for a hearing "at

4

which time the prosecutor should explain his reasons for peremptorily challenging all of the hispanic jurors except one." Although Hernandez relied heavily upon *Gilmore*, and requested a "*Gilmore* hearing," he also cited to *Batson* at two points in the brief.

We find that Hernandez's supplemental brief, although far from a model of clarity, placed the New Jersey courts "on notice that a federal claim [was] being asserted." *McCandless*, 172 F.3d at 261. Most notably, the language of Hernandez's argument plainly brings to mind the burden-shifting framework of *Batson*, which requires the defendant to first make out a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose," 476 U.S. at 93-94, after which the "burden shifts to the State to explain adequately the racial exclusion" by offering permissible race-neutral justifications for the strikes. *Id.* Moreover, the fact pattern alleged is "well within the mainstream of constitutional litigation." *McCandless*, 172 F.3d at 261. Hernandez's description of the jury selection is apparently meant to raise a *Batson* issue, and he cited *Batson* in his briefing. Under the *McCandless* factors, this was sufficient to alert the New Jersey courts to Hernandez's federal equal protection claim.

III.

For the foregoing reasons, we will vacate the District Court's order dismissing Hernandez's petition and we will remand the case to permit the District Court to consider whether Hernandez established a factual basis for his claim and whether he is entitled to an evidentiary hearing.

5