**Francis O'HALLORAN, Appellant,**

**v.**

**Joseph RYAN, Superintendent, the Attorney General of the State of Pennsylvania, District Attorney for Lehigh County, Appellees.**

**No. 87–1015.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) Oct. 8, 1987.

Decided Dec. 18, 1987.

Michael P. McIntyre, William H. Platt, Dist. Atty's. Office, Allentown, Pa., for appellees.

Before WEIS and STAPLETON, Circuit Judges, and DIAMOND,* District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

A state prisoner seeking federal habeas corpus relief alleged inadequacy of counsel, but failed to establish the factual basis for that claim in the state courts. As a result, the district court required petitioner to use state post-conviction procedures so that his claim could be fairly presented to the state courts, 650 F.Supp. 818. We agree with the district court that state remedies have not been exhausted and accordingly we will affirm denial of the petition for habeas corpus.

Petitioner pleaded guilty to a burglary charge in the Court of Common Pleas of Lehigh County, Pennsylvania. Additional counts in the indictment were dismissed in accordance with the plea bargain. After sentencing, petitioner requested leave to withdraw his guilty plea, asserting that, contrary to the plea bargain, his four- to ten-year prison term exceeded the sentence imposed on his co-defendants.

Following an evidentiary hearing, the Court of Common Pleas denied the motion. In a *pro se* appeal to the Pennsylvania Superior Court, petitioner alleged that counsel ineffectively represented him during the hearing on the plea withdrawal motion. Specifically, petitioner complained that his lawyer, James T. Huber, had failed to subpoena a co-defendant, the custody sheriff, and a law clerk to the sentencing judge. In the trial court, petitioner had testified that the sheriff and the clerk had been present at the time the plea negotiations with the assistant district attorney took place.

The Superior Court reviewed the plea colloquy and determined that it did not

Jeffrey L. Staniels, Defender Ass'n of Philadelphia, Federal Court Div., Philadelphia, Pa., for appellant.

* The Honorable Gustave Diamond, United States District Judge for the Western District of Pennsylvania, sitting by designation.

demonstrate a promise that the petitioner would receive the same sentence as his co-defendant. Furthermore, the court stated "because [petitioner] has not shown that the testimony of the above-mentioned persons would have been helpful to his defense, counsel's failure to subpoena the three witnesses cannot be deemed ineffectiveness."

Petitioner also included in his appellate brief "After Discovered Evidence" that the law clerk was the wife of Attorney Huber, and that he had never disclosed that fact to petitioner. The Superior Court observed, "These allegations are without support in the record. This Court can only consider the facts in the record and not those facts located only in a party's brief."

The Superior Court affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allocatur. Petitioner then filed this habeas corpus action in the district court.

The district court determined that the record contained no factual finding that the law clerk knew the details of the plea bargain, a principal hurdle in deciding the merits of the petitioner's claim of ineffective counsel. Because these facts had not been determined, the court thought that finding should be made in the first instance by the state court rather than by the federal habeas corpus court.

The Superior Court had neither adjudicated the merits of the petitioner's claim nor held it had been waived. Therefore, the district court concluded that procedures under the Post Conviction Hearing Act, 42 Pa. Cons.Stat.Ann. §§ 9541–51 (Purdon 1982), were available and should be pursued first. Assigning responsibility in that sequence would permit the Court of Common Pleas to determine the facts during an evidentiary hearing and provide the state with a fair opportunity to consider the constitutional claim. The district judge certified probable cause for an appeal because this court has not resolved the allocation issue.

The public defender representing petitioner in this appeal argues that a claim of ineffective assistance of counsel under Pennsylvania law must be raised on direct appeal, if at that stage the defendant is not represented by trial counsel. Generally under state law, failure to raise the issue on direct appeal acts as a waiver. Disputing the public defender's contention, the Commonwealth takes two inconsistent positions. On the one hand it asserts that the Superior Court's conclusion that the ineffective assistance of counsel claim lacks support in the record constitutes a finding of fact, and thus that finding is entitled to a presumption of correctness. Alternatively, the Commonwealth agrees with the district court that if fact finding is necessary, it should be conducted in the state court.

Title 28 U.S.C. § 2254(b) requires a petitioner to exhaust available state remedies before filing a habeas corpus action in federal court. Section 2254(c) reads: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."

A habeas corpus petitioner bears the burden of demonstrating that he has met the prerequisites for relief, *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982), including the exhaustion of state remedies. *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). The petitioner's claim must have been fairly presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971); *McMahon v. Fulcomer*, 821 F.2d 934, 941 (3d Cir.1987). "[I]t is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown*, 669 F.2d at 158. The claim must be substantially equivalent to that litigated in the state court. *Picard*, 404 U.S. at 278. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court. *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986).

A federal court does not consider the merits of a habeas petition containing both exhausted and unexhausted claims. When faced with such a "mixed" petition, the

federal court generally should dismiss the petition, leaving the prisoner the choice of following state procedures or amending the habeas petition to present only the exhausted claims to the district court. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *McMahon,* 821 F.2d at 940. *Cf. Granberry v. Greer,* —— U.S. ——, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

■ Exhaustion of state remedies is not merely a formality but rests on a precept of comity. It guarantees the state courts the first opportunity to identify and correct violations of criminal defendants' federal rights. *Gibson,* 805 F.2d at 138. But a federal court need not require exhaustion when inexcusable or inordinate delay by the state in processing claims for relief makes that remedy ineffective. *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986).

Pennsylvania has enacted legislation providing for post-conviction hearings which does not limit remedies available on direct appeal. 42 Pa.Cons.Stat.Ann. § 9542. The statute enumerates the grounds for filing a post-conviction petition, including the denial of the constitutional right to representation by competent counsel. *Id.* § 9543(3)(vi). Section 9543(4) lists as a prerequisite that the error resulting in the conviction and sentence "has not been finally litigated or waived." An issue is finally litigated if the state courts have ruled on the merits. *Id.* § 9544(a)(1)–(3). A waiver occurs if a petitioner "knowingly and understandingly" fails to raise an issue that could have been resolved at some stage in a state court proceeding. *Id.* § 9544(b)(1).

As the district court observed, a claim of ineffective assistance of counsel in Pennsylvania will not be decided on direct appeal unless clear and irrefutable proof of incompetence appears on the face of the record. *See, e.g., Commonwealth v. Cook,* 230 Pa.Super. 283, 326 A.2d 461 (1974). If the record is inadequate, an appellate court may remand the case for an evidentiary hearing, *Commonwealth v. Davis,* 499 Pa. 282, 283, 453 A.2d 309, 310 (1982) (per curiam), or await the results of a Post Conviction Hearing Act proceeding, *Cook,* 230 Pa.Super. at 283, 326 A.2d at 461.

In *Cook,* the defendant, on direct appeal, for the first time, alleged ineffective assistance of counsel. Concluding that it could not decide that issue in the absence of on the record proof, the Superior Court said, "Rather in such circumstances, we will wait until an evidentiary hearing has been held upon an appropriate request for relief under the Post–Conviction Hearing Act." *Id.* at 283, 326 A.2d at 461. The court then upheld the conviction without prejudice to defendant's right to seek appropriate relief under the Post Conviction Hearing Act.

In the case at hand, the Superior Court did not remand for a hearing, nor did it hold that the claim of ineffective assistance of counsel had been waived, nor did it preclude further consideration of the matter. We find ourselves in agreement with the district court's conclusion that the Superior Court, as it did in *Cook,* has left it open to petitioner to develop the factual support for his allegations on a Post Conviction Act petition.

■ In some instances we have decided that a state prisoner need not resort to post-conviction remedies before applying for federal habeas corpus relief. Once a constitutional issue has been presented to the state court on direct appeal, the defendant need not re-litigate the same point in a post-conviction hearing. *United States ex rel. Hickey v. Jaffes,* 571 F.2d 762, 764 (3d Cir.1978); *United States ex rel. Schultz v. Brierly,* 449 F.2d 1286, 1287 (3d Cir.1971).

In *Swanger v. Zimmerman,* 750 F.2d 291 (3d Cir.1984), the petitioner's claims in briefs to both the state trial and appellate courts apparently required no further factual development. The Superior Court concluded that the petitioner waived the contentions because they had not been included in the post-trial motions, although the trial court had considered the claims. In reviewing that unusual circumstance, we held that the petitioner was not required to employ the Post Conviction Hearing Act before filing his action in federal court because the state courts had been given an opportunity to pass on the claims.

In the case before us, the petitioner's claim of ineffective assistance of counsel cannot succeed unless first he can demonstrate that the law clerk actually knew the critical facts. If the witness could not supply any material evidence, counsel did not err in failing to call her to the stand. It is elementary that the expected testimony of the witness must be established before impugning counsel's conduct.

The Superior Court correctly asserted that allegations in a party's brief do not establish a fact—at least of the nature urged here. A claim is composed of fact and law, and both must be presented to the state court before a reasoned decision can be made. Pennsylvania provides an adequate procedure for the establishment of fact, a precondition to a fair presentation of the claim for decision. On the record of this case, we are persuaded that the district court properly concluded that petitioner must utilize the state's Post Conviction Hearing Act proceeding before filing a federal habeas corpus action. In the circumstance here there has not been an exhaustion of state remedies.

The judgment of the district court will be affirmed.