**ROSS, Jeffrey Nead, Appellant,**

v.

**PETSOCK George, Superintendent SCIP Attorney General of the State of Pa.**

No. 88–5528.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 1989.

Decided Feb. 28, 1989.

Robert B. MacIntyre, (argued) Harrisburg, Pa., for appellant.

Richard A. Lewis, Dist. Atty., Todd B. Narvol (argued), Deputy Dist. Atty., Harrisburg, Pa., for appellees.

Before GIBBONS, Chief Judge, and SEITZ and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter is before us on appeal from an order of June 3, 1988, denying the petition of Jeffrey Nead Ross for habeas corpus relief under 28 U.S.C. § 2254 on the ground that he has failed to exhaust available state remedies. Our review is plenary. *Chaussard v. Fulcomer*, 816 F.2d 925, 927 (3d Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 139, 98 L.Ed.2d 96 (1987).

These are the facts. Ross was indicted for murder in Dauphin County, Pennsylvania. Although he originally pleaded not guilty, on June 23, 1980, on the eve of trial, while represented by an attorney, he changed his plea to guilty in the Dauphin County Court of Common Pleas. The following day he unsuccessfully sought to withdraw the plea. The judge then conducted a hearing to determine the degree of guilt and found Ross guilty of murder in the second degree and sentenced him to life imprisonment. Ross appealed to the Supreme Court of Pennsylvania, which affirmed his conviction in a reported opinion. The court indicated that Ross claimed his plea of guilty was not voluntarily entered and that the trial court erred in denying his request to withdraw it. The Supreme Court held that the claim of involuntariness was "refuted by the record" and that the request to withdraw the plea after dismissal of "numerous key Commonwealth witnesses in reliance on the plea" was properly denied. Thus the judgment was affirmed. *Commonwealth v. Ross*, 498 Pa. 512, 447 A.2d 943 (1982).[1]

Ross subsequently filed a petition in the Court of Common Pleas of Dauphin County under the Pennsylvania Post Conviction Hearing Act, 42 Pa.Cons.Stat.Ann. § 9541 *et seq.* (Purdon 1982) (now superseded). In his brief on this appeal he characterizes the claims he made as follows:

> Specifically he claimed his plea of guilty had been unlawfully induced and that he was denied his constitutional right to representation by competent counsel. The facts alleged in support of his claims, both in the pro se petition and the counselled amendment thereto, included trial counsel's advice that trial by jury would result in the death penalty and trial counsel's failure to vigorously pursue the petition to withdraw the guilty plea. It was alleged that trial counsel did not spend sufficient time with petitioner to be able to adequately explain to the court the reasons for withdrawal of the plea nor were adequate legal arguments prepared in support of the withdrawal request.

The respondents make no exception to this characterization.

On June 23, 1985, the Common Pleas judge rendered an opinion reading in germane part as follows:

> Mr. Ross's petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 et seq., raises eight issues, seven of which deal with the voluntariness of his plea. Since this matter has been finally litigated, 42 Pa.C.S.A. § 9544(a), petitioner is not eligible for relief. 42 Pa.C.S.A. § 9543(4). The remaining issue, trial counsel's alleged ineffectiveness for not filing pre-trial motions, is absolutely frivolous because the record includes an Omnibus Pre–Trial Motion filed on behalf of petitioner.

Thus, the judge denied the petition without a hearing. Ross did not appeal from the order denying his state petition, an omission he attributes to "faulty advice from 'jail house lawyers.'"

---

1. According to the respondents, Ross also contended in the Supreme Court that the trial court failed to inform him of his post-sentencing and appellate rights, and that his attorney was ineffective for failing to raise claims on post-trial motions regarding the involuntary nature of his guilty plea and the judge's denial of his motion to withdraw the plea. While we do not have the briefs filed in the Supreme Court, we need not pursue the question further as to what was raised in the Supreme Court as the claim which we find not to have been exhausted was clearly not raised.

On May 4, 1988, Ross filed the petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania which has led to this appeal. This petition was referred to a magistrate who in his report and recommendation indicated that:

> The petitioner filed the present petition for writ of habeas corpus setting forth the following grounds for relief: (1) His conviction was 1. 'obtained by a plea of guilty which was not made voluntarily with understanding of the nature and consequences'; and (2) 'Trial counsel was ineffective.' *Id.* at pp. 4, 5, paras. A, B. In connection with the latter ground, he states that by entering the plea he was 'covering' for one Edrington and for that reason, wanted to withdraw the plea, although as hereinafter noted, he never told trial counsel this reason for wanting to withdraw the plea.

The magistrate recommended that the petition be dismissed, as he concluded that:

> In the present case, the petitioner indicates that, with regard to his PCHA petition, he 'was advised by jailhouse lawyers not to appeal his PCHA, as it was not meritorious.' Therefore, the petitioner clearly has not exhausted his state court remedies. Furthermore, he states that '[p]etitioner argued in his PCHA Petition that trial counsel was ineffective, although he did not specifically argue that counsel was ineffective for the reason stated [in this petition],' that is, by not bringing to the court's attention that petitioner was 'covering' for Edrington, a fact about which petitioner *never informed* his counsel. He states that he never told his counsel about this because he was ambivalent about naming Edrington. He seems to contend, however, that if counsel vigorously questioned him about the reason he wanted to withdraw his plea, this real reason about 'covering for Edrington' may have been disclosed by petitioner. Although this ground is absurd, nevertheless, as to his present claim of ineffective assistance of counsel, this claim clearly was not presented in the same context to the state court in his PCHA petition. (Omitting citations.)

On June 3, 1988 the district judge signed an order adopting and approving the report of the magistrate and denying the petition. This appeal followed.

■ Certain basic principles govern this appeal. A state prisoner seeking federal habeas relief must have exhausted the remedies available in the state courts. *Burkett v. Cunningham,* 826 F.2d 1208, 1218 (3d Cir 1987). To demonstrate compliance with the exhaustion requirements, a habeas applicant must show that the federal claim he asserts in the federal court has been fairly presented to the state courts. *Santana v. Fenton,* 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). It is not enough for the petitioner to show that he has presented the facts on which the federal claim is based to the state court. *Id.* Rather, the argument raised in the federal court must be the substantial equivalent of that presented to the state courts. *Id.* at 73–74. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court. *O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987). Thus, the same method of analysis presented to the district court must have been made available to the state courts. *Chaussard v. Fulcomer,* 816 F.2d at 928.

■ Ross does not deny that his basis for now challenging the effectiveness of his attorney, that the attorney never mentioned to the trial court that Ross was "covering" for Edrington and was incompetent for not questioning him and finding this out, was never presented to the Pennsylvania courts, either on his direct appeal or in his petition under the Post Conviction Hearing Act. Instead he asserts that under Pennsylvania law he no longer has a forum in the state courts in which this claim may be advanced.[2]

---

**2.** Ordinarily it is necessary to examine the briefs submitted in the state court to determine what issues were fairly presented there. *See Brown v. Cuyler,* 669 F.2d 155, 158 (3d Cir.1982). Here it appears that the district court did not have the state briefs. Thus, we are not to be understood as approving the procedure followed. Nevertheless, inasmuch as there is no dispute over the

In this regard Ross asserts that it was the adoption of the Pennsylvania Post Conviction Relief Act (Act 47) on April 13, 1988, that destroyed his state remedies. Act 47 has been codified at the same sections as the prior Post Conviction Hearing Act. 42 Pa.Cons.Stat.Ann. § 9541 et seq. (Purdon June 1988 Supp.). Under Act 47 § 9544(a) an issue is deemed previously litigated if it has been raised in the trial court which has ruled on the merits and the petitioner did not appeal. Ross claims that this section bars him from challenging the voluntariness of his plea because he failed to appeal from the order denying his petition under the Post Conviction Hearing Act and because under Act 47 § 9543(3) he cannot raise a previously litigated allegation of error. He also contends that under Act 47 § 9544(b) he cannot raise the issue of ineffective assistance of counsel because he could have raised it on his direct appeal or on his petition under the Post Conviction Hearing Act and by not doing so he has waived it.[3]

The difficulty with Ross's position is that inasmuch as he did not raise the ineffective attorney argument in the state courts on the basis now advanced the claim has not been "previously litigated" by reason of having been rejected in the trial court. Nor can the claim be deemed previously litigated by reason of having been "raised and decided in a proceeding collaterally attacking the conviction or sentence." *See* Act 47 § 9544(a)(3).[4]

We acknowledge, however, that since this claim of ineffective representation could have been advanced in the Post Conviction Hearing Act proceeding it has been "waived" in the Pennsylvania courts. Act 47 § 9544(b). But under the Post Conviction Relief Act waivers are not absolute. Thus, Act 47 § 9543(a)(3)(ii) permits allegations of error to be considered if not previously litigated, even if waived, if the alleged error has resulted in the conviction of an "innocent individual." Inasmuch as Ross claims that by pleading guilty he was covering for Edrington his petition comes within that section. Further, Act 47 § 9543(a)(3)(iii) provides that an allegation of error not previously litigated, though waived, may be considered if it "does not constitute a State procedural default barring Federal habeas corpus relief." This subsection demonstrates that Pennsylvania has a preference for post conviction attacks being initially litigated in its courts rather than the United States district courts and in furtherance of that policy will disregard what would otherwise be a fatal procedural default.[5] In these circumstances we conclude that the Pennsylvania state courts will entertain Ross's contention that his trial counsel was incompetent by reason of his failure to discover that Ross was covering for Edrington by pleading guilty. Thus, insofar as federal habeas relief is concerned, since the issue has not been previously presented to the state courts, Ross has not exhausted his state remedies. Accordingly, the district judge correctly denied Ross's petition.[6]

It is possible, however, that Ross may have exhausted his state remedies as to the voluntariness of his plea. In this regard we point out that the Pennsylvania Supreme Court specifically said that the claim of involuntariness was refuted by the

---

fact that the claim now advanced was not presented in the state courts no remand is required.

**3.** He does not suggest he does not otherwise qualify to assert a claim under the Post Conviction Relief Act. Thus, we will not detail the rest of the Act.

**4.** Ross seems to consider that the prior post conviction state proceeding was a trial court proceeding under Act 47 § 9544(a)(1). We think, however, that "trial court" means the court at the original trial.

**5.** It also convinces us that an ineffective assistance of attorney claim if advanced on one basis does not mean that such claim has been previously litigated if advanced on another.

**6.** We have applied the rule that a federal habeas petitioner, having the burden to show he is entitled to relief, must show that he has met "the procedural requisites," *Brown v. Cuyler,* 669 F.2d at 158, which include the burden of showing that state law would bar consideration for federal relief. *Santana v. Fenton,* 685 F.2d at 75. But we reach our conclusion as to Pennsylvania law without regard for this burden.

record. If the issue of involuntariness in the context now raised was fairly presented to the Supreme Court then state remedies will be deemed exhausted for purposes of 28 U.S.C. § 2254. *See O'Halloran v. Ryan*, 835 F.2d at 509. Ross also raised a voluntariness of plea issue in Post Conviction Hearing Act proceeding, though on the slim record before us we cannot definitively determine whether the issue there was presented in the context now advanced. Nor can we definitively determine the consequence of Ross's failure to appeal from the denial of relief under the Post Conviction Hearing Act. *See Beaty v. Patton*, 700 F.2d 110, 113 (3d Cir.1983).

We think, however, that inasmuch as Ross may have exhausted his state remedies with respect to the voluntariness of his plea he should be allowed, at his option, to delete his claim based on the ineffectiveness of counsel and proceed solely on the voluntariness of the plea issue in the district court. *See O'Halloran v. Ryan*, 835 F.2d at 508–09; *Gonce v. Redman*, 780 F.2d 333, 336 (3d Cir.1985). Of course, in that event he will still have the burden to demonstrate that he has met the prerequisites for relief, including the exhaustion of remedies, *O'Halloran v. Ryan*, 835 F.2d at 508, and the respondents may raise any procedural and substantive issues they deem appropriate which may bar relief.

The order of June 3, 1988 will be affirmed and the matter will be remanded to the district court for further proceedings consistent with this opinion.

### GIBBONS, Chief Judge, dissenting:

Ross petitioned for federal habeas review on two grounds: that his counsel rendered him ineffective assistance and that he did not enter his guilty plea voluntarily. The majority properly remands this case to allow Ross to delete the first claim to enable review of the second issue since it appears that Ross exhausted state remedies concerning his guilty plea. The majority errs, however, in declining to remand for reconsideration of the ineffective assistance of counsel claim. Its holding assumes that Ross did not exhaust state remedies

on this point since he presented a different ineffective assistance claim before the district court than his did in state court. The district court, however, never discharged its duty to review the state record to resolve whether the federal claim had been fairly presented to the state courts. The ineffective assistance of counsel claim should therefore be remanded. A review of the record, moreover, indicates that Ross may well have fairly presented the state courts with a claim that was substantially similar to his federal one.

This Court has held that a district court determining a fair presentation issue must review the pretrial, trial, and appellate briefs and documents submitted to the state courts when the state court decision does not address the claim advanced. *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982); *see Picard v. Connor*, 404 U.S. 270, 273–74, 92 S.Ct. 509, 511, 30 L.Ed.2d 438 (1970); *Chaussard v. Fulcomer*, 816 F.2d 925, 928 (3d Cir.1987). Nothing in the record before this Court gives any indication that the district court asked for, received, or reviewed the relevant state documents. For this reason the petition should be remanded to the district court for reconsideration of whether Ross has exhausted state remedies for his ineffective assistance of counsel claim.

The majority, while disapproving of the district court's failure to review the state record, nonetheless excuses it. Its argument runs that since Ross's court-appointed counsel did not on appeal "deny" that the ineffective assistance claims were different, and that no dispute ostensibly exists on the point, no reason exists to remand. This misconstrues the proceedings and the law. Counsel for Ross did not "deny" the fair presentation issue because it was never clearly joined either in the briefs or at oral argument. Instead, both sides addressed their arguments almost exclusively to the consequences of recent changes in Pennsylvania's post conviction relief statutes. More important, the district court's duty to examine the state record does not turn on the behavior of the parties once the fair presentation issue is raised. Rather, the district court bears

that duty independently, and must therefore satisfy itself that the claims before it had already been aired in the state courts. *See Brown,* 669 F.2d at 158 (district court must conduct further inquiry to ascertain whether exhaustion requirement has been satisfied when state court is silent on issue subsequently raised in a habeas petition).

Since the state court documents are not part of the record, this Court may not conduct its own review. The record that does exist raises the possibility that Ross did fairly present his ineffective assistance of counsel claim. In his Post Conviction Hearing Act petition, Ross claimed that his counsel rendered ineffective assistance by failing vigorously to pursue Ross's request to withdraw his guilty plea. At least according to his habeas petition, Ross pursued state post-conviction relief by contending that his counsel "didn't adequately question him as to why he wished to [withdraw his guilty plea]." (Ross Habeas Petition at 5). Had counsel discovered why Ross wanted to withdraw his plea, the necessary implication follows, the attorney would have pressed for the withdrawal of the plea with more vigor. To this challenge Ross's habeas petition ostensibly added only one fact, and that was the reason why. Specifically, the habeas petition states that he "wanted to withdraw the plea because he had been 'covering' for one Carlos Edrington."

Nothing about the additional fact changes the substantial similarity between the two versions of the claim, and still less changes the legal analysis that a court would apply to the challenge. *See Rose v. Lundy,* 455 U.S. 509, 515–17, 102 S.Ct. 1198, 1201–03, 71 L.Ed.2d 379 (1982); *Picard v. Connor,* 404 U.S. at 277–78, 92 S.Ct. at 513–14; *Santana v. Fenton,* 685 F.2d 71, 78 (3d Cir.1982). Absent an assumption that the reason why Ross wanted to withdraw his guilty plea would have induced his counsel to provide more effective assistance, his claim would make no sense. For the purposes of fair presentation, Ross's enumeration of his motive of covering for Edrington has no relevance.

Ross's petition should therefore be remanded to the district court for reconsideration of both his involuntary guilty plea claim and of his ineffective assistance of counsel claim in light of the complete state record. Whether Ross's characterization of his ineffective counsel claim as argued in state court actually matches what the state record indicates should be a matter left for the district court. Whatever the outcome of that determination, establishing a loophole to the mandate for further inquiry sets a troubling precedent both in general and with regard to this case. In consequence, I dissent.