Troy TOULSON

v.

Howard L. BEYER; Robert J. Del Tufo, the Attorney General of the State of New Jersey.

Howard L. Beyer, Superintendent, New Jersey State Prison, and Robert J. Del Tufo, Attorney General of New Jersey, Appellants.

No. 92–5310.

United States Court of Appeals, Third Circuit.

Argued Jan. 7, 1993.

Decided March 12, 1993.

Linda A. Rinaldi (Argued), Office of Atty. Gen. of New Jersey, Div. of Criminal Justice, Appellate Bureau, Trenton, NJ, for appellants.

Robert J. Candido (Argued), Cedar Grove, NJ, for appellee.

Before: HUTCHINSON and SCIRICA, Circuit Judges and STANDISH, District Judge *.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

In this habeas corpus case involving a mixed petition,[1] we must decide whether the district court properly reached and determined the merits of petitioner's claim that the state sentencing judge impermissibly based sentencing on facts not in the record. The district court ruled that although the petition's "mixed" status generally required dismissal without prejudice pending exhaustion of unexhausted claims, it nevertheless could properly reach the merits of the exhausted claims since the unexhausted claims were procedurally defaulted under state law. We believe the district court should not have found the unexhausted claims procedurally defaulted and should have dismissed the entire petition without prejudice. We will reverse and remand.

I.

On October 12, 1980, Gloria Scavullo and her three daughters were waiting at an intersection when three armed men approached their car. When the women locked the car doors, one man fired into the passenger window while another, petitioner Troy Toulson, fired repeatedly from behind the car, hitting driver Christine Vay in the face. Vay managed to speed away. Subsequently, Scavullo identified one of Toulson's cohorts in a line-up. Hours later police arrested Toulson.

Toulson was charged with five criminal counts in Atlantic County, New Jersey. Following a jury trial, Toulson was convict-

ed of all charges and sentenced to forty-five years, with a twenty-year period of parole ineligibility.[2]

On appeal, the New Jersey Superior Court, Appellate Division, affirmed Toulson's convictions and sentence. The New Jersey Supreme Court denied Toulson's petition for certification. Subsequently, the sentencing judge denied Toulson's motion to reconsider the sentence. Toulson's motion for post-conviction relief in state trial court was denied.

Toulson then sought habeas corpus relief in the United States District Court for the District of New Jersey contending: (1) the admission at trial of statements made without assistance of counsel violated the Sixth and Fourteenth Amendments; (2) the admission at trial of certain statements violated his *Miranda* rights; (3) the trial court's failure to give limiting instructions regarding Toulson's statements constituted plain error and prejudiced the trial's outcome; (4) the forty-five-year sentence with twenty-year parole disqualifier was "manifestly excessive"; and (5) the judge's sentence was based on facts neither in the record nor in the pre-sentence report. Toulson had advanced each of these grounds before the Appellate Division but only grounds four and five on his petition to the New Jersey Supreme Court.

The district court denied habeas relief on Toulson's conviction, but remanded to the state trial court for resentencing after finding the sentence relied on facts not in the record. 792 F.Supp. 352. The State now appeals.

II.

■ The district court had jurisdiction over this matter under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. The question before us

---

* The Honorable William L. Standish, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. That is, a petition containing both exhausted and unexhausted claims.

2. The sentences, to run consecutively, were: count one (conspiracy), a ten-year term, with a

five-year parole disqualifier; count two (possession of handgun without permit), a five-year term; count four (aggravated assault), a ten-year term, with a five-year parole disqualifier; and count five (armed robbery), a twenty-year term, with a ten-year parole disqualifier. Count three was merged with count five.

is whether petitioner exhausted state remedies in accordance with 28 U.S.C. § 2254(b). Our review is plenary. *Ross v. Petsock*, 868 F.2d 639, 640 (3d Cir.1989).

### III.

#### A.

The district court found Toulson failed to satisfy exhaustion requirements on grounds one, two, and three of the habeas petition because although presented to the Appellate Division, they were not presented to the New Jersey Supreme Court on the petition for certification. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Grounds four and five were exhausted since Toulson had raised them on appeal to the Appellate Division and again on his petition to the New Jersey Supreme Court. As a mixed petition, Toulson's petition required dismissal under *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

However, the district court noted an exception to *Rose*'s total exhaustion rule "where the petitioner has no opportunity to obtain redress in the state court ... so ... as to render any effort to obtain relief futile." *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam)). *See* 28 U.S.C. § 2254(b) (absence of available state corrective process constitutes exception to exhaustion requirement).

The district court found Toulson's failure to raise the first three grounds before the New Jersey Supreme Court—despite the fair opportunity to do so—barred them from further consideration in New Jersey courts. *See* N.J.Ct.R. 3:22–4 (barring consideration of grounds not raised on appeal or in prior proceedings). Accordingly, the district court reasoned that "it would be futile to require that [Toulson] now attempt to exhaust these claims." The district court proceeded to the merits of Toulson's exhausted claims in grounds four and five.[3]

#### B.

The doctrine of "exhaustion of state remedies,"[4] requires that federal habeas corpus petitioners present their claims to state courts before seeking relief from federal courts. 28 U.S.C. § 2254. The exhaustion requirement does not foreclose, but only postpones, federal relief.[5] A state prisoner may initiate a federal habeas petition only after state courts have had the first opportunity to hear the claim sought to be vindicated. The requirement addresses federalism and comity concerns by "afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986); *see also Keeney v. Tamayo–Reyes*,

---

3. The district court addressed procedural default only with respect to the total exhaustion question. It did not consider whether, assuming a procedural default, Toulson could excuse his failure to follow a state procedural rule either by demonstrating "cause" for the default and "prejudice" resulting therefrom or by showing failure to hear the claims would constitute a "fundamental miscarriage of justice." *See Coleman v. Thompson*, —— U.S. ——, —— – ——, 111 S.Ct. 2546, 2566–68, 115 L.Ed.2d 640 (1991) (applying "cause and prejudice" standard); *Herrera v. Collins*, —— U.S. ——, —— – ——, 113 S.Ct. 853, 862–63, 122 L.Ed.2d 203 (1993) (discussing and applying miscarriage of justice exception). In light of our disposition, we do not undertake a "cause and prejudice" inquiry or consider the miscarriage of justice exception.

4. 28 U.S.C. § 2254 in part provides:

(b) An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant. has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

5. The procedural default doctrine may foreclose federal court relief. *See Caswell v. Ryan*, 953 F.2d 853, 863 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992).

—— U.S. ——, ——, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). To satisfy the exhaustion requirement, the claims included in a federal petition must be fairly presented to the state courts. *Picard,* 404 U.S. at 275, 92 S.Ct. at 512. The habeas petitioner bears the burden of proving that he has exhausted available state remedies. *Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir.), *cert. denied,* 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990); *Santana v. Felton,* 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). If a habeas corpus petition contains exhausted and unexhausted claims, the petition must be dismissed. *Rose,* 455 U.S. at 510, 522, 102 S.Ct. at 1199, 1205.

A petition containing unexhausted but procedurally barred claims in addition to exhausted claims, is not a mixed petition requiring dismissal under *Rose.* Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted. *See Coleman v. Thompson,* —— U.S. ——, —— & n. 1, 111 S.Ct. 2546, 2555, 2557 & n. 1, 115 L.Ed.2d 640 (1991); *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) ("requisite exhaustion may nonetheless exist ... if it is clear that [petitioner's] claims are now procedurally barred under [state] law"); *Peoples v. Fulcomer,* 882 F.2d 828, 830 (3d Cir.1989). The district court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred. *See, e.g., Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Before exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims. *Gibson,* 805 F.2d at 139. Here the pro-

fessed procedural bar is N.J.Ct.R. 3:22–4.[6] It is undisputed that grounds one, two, and three were not presented to the highest state court on the petition for certification. Normally, a New Jersey court would conclude these grounds were not raised in prior proceedings and would apply Rule 3:22–4, which bars grounds not raised in prior proceedings. *See Santana,* 685 F.2d at 75. However, Rule 3:22–4 incorporates three exceptions that permit state court review of otherwise procedurally barred claims. Therefore we must determine whether any of the exceptions to Rule 3:22–4 applies.

### C.

Rule 3:22–4(a) lifts the procedural bar where "the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding." That all three grounds were raised at the Appellate Division strongly suggests they "could reasonably have been raised" subsequently before the state supreme court. This exception appears inapplicable. *See State v. Mitchell,* 126 N.J. 565, 584–85, 601 A.2d 198, 208 (1992) (exception inapplicable where all information necessary to raise claim was available to defendant on direct appeal and no new law changing nature of legal principles applicable to defendant's case was articulated between time of defendant's direct appeal and his petition for postconviction relief).

Rule 3:22–4(b) removes the procedural bar where "enforcement of the bar would result in fundamental injustice." The New Jersey Supreme Court has "construed the 'fundamental injustice' exception to apply only when a petitioner's guilt or innocence is involved." *State v. Precise,* 129 N.J. 451, 476, 609 A.2d 1280, 1293 (1992) (citing *State v. Cerbo,* 78 N.J. 595, 397 A.2d 671 (1979)). Rule 3:22–4(c) dissolves the proce-

---

6. Rule 3:22–4 provides:

Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a postconviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under

this rule unless the court on motion or at the hearing finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

dural bar where "denial of relief would be contrary to the Constitutions of the United States or New Jersey."

We have previously expressed reluctance to predict foreclosure under these sections. In *Santana*, we declined to hold that the New Jersey courts would not grant relief under Rule 3:22–4(c). 685 F.2d at 75–76. There, a habeas petitioner had not raised his constitutional "right-to-testify" claim in the New Jersey courts. Nevertheless, petitioner argued that his failure to exhaust was excused by Rule 3:22–4's procedural bar. We agreed Rule 3:22–4 applied but disagreed that "Santana has persuasively demonstrated that the New Jersey rule would bar consideration of his newly raised constitutional argument." *Id.* at 75. Under Rule 3:22–4(c), "a New Jersey court might well consider a constitutional claim that had not been raised on direct appeal." *Id.* We stated that "if a New Jersey court were to find the [right-to-testify] argument of constitutional dimension, it would entertain the petition under N.J.R. 3:22–4(c)." *Id.* "[W]here a fair reading of the state post-conviction relief statute indicates that a state court might well entertain constitutional claims not raised in prior proceedings, and in the absence of a state court decision clearly foreclosing such a result, we cannot conclude that petitioner has demonstrated compliance with the exhaustion requirement." *Id.* Accordingly, we found nonexhaustion. *Id.* at 76.

In *Gibson*, we found a habeas petition unexhausted despite petitioner's claim that Rule 3:22–4 barred state courts from considering the merits of his claim. 805 F.2d at 139. Petitioner conceded that an aspect of his ineffective assistance of counsel claim had not been presented to the state courts as part of his previous ineffective

assistance claim. But petitioner contended Rule 3:22–4 precluded examination of the merits of this claim in New Jersey courts because he failed to raise the issue on direct appeal. *Id.* Gibson argued that returning to state court would be futile. Citing *Santana*, we rejected this argument and "decline[d] to find that the New Jersey courts would not allow relief, if warranted, in this case." *Id.*

In this case, it is possible that a state court may apply Rule 3:22–4(b) or (c) to provide relief from Rule 3:22–4's bar.[7] Recently, the New Jersey Supreme Court stated "we generally have declined to read the exceptions to Rule 3:22–4 narrowly." *Preciose*, 129 N.J. at 476, 609 A.2d at 1293. More importantly, Toulson has not pointed to any New Jersey case clearly showing he is precluded from relief. "[I]n the absence of a state court decision clearly foreclosing such a result, we cannot conclude that petitioner has demonstrated compliance with the exhaustion requirement." *Gibson*, 805 F.2d at 139 (quoting *Santana*, 685 F.2d at 71). Implicit in Toulson's argument of state procedural default is the notion that it is unlikely New Jersey courts would reach the merits of his claims. This may be so. But as we said in *Gibson*, this is insufficient:

> In effect, Gibson is really arguing that it is so unlikely that the New Jersey courts would reach the merits of his state appeal that he has shown the requisite futility. However, if we permitted such a prediction to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine. Although exhaustion is often cumbersome, and may appear to require duplicative expenditure of judicial resources on claims that fre-

7. We agree with the district court that the procedural posture here differs from that in *Santana* or *Gibson*. But we do not agree this difference affects our exhaustion analysis. In *Santana*, petitioner's "newly raised" claim in federal court "had not been raised on direct appeal." 685 F.2d at 75. Here Toulson's unexhausted claims were raised on direct appeal to the Appellate Division where they were summarily rejected as "clearly without merit." For unknown reasons, Toulson did not raise these claims on

his subsequent petition to the New Jersey Supreme Court. *Gibson* too involved a claim (ineffective assistance as to protection of juvenile status) theretofore "not presented to the New Jersey courts." We do not believe these differences compel the conclusion that New Jersey courts would find a procedural default. We believe the better practice allows a New Jersey court—not a federal court—the first opportunity to address the question of procedural default under New Jersey law.

quently have no merit, the doctrine is premised on firmly entrenched principles of comity.

*Id.* at 141.

In conclusion, we are uncertain how the New Jersey state courts would resolve the procedural default issue. In light of this, we will not presume how the state courts would rule on Toulson's claims. *See* James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.5, at 263–64 n. 4 (Supp.1992). Because no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies.[8] Our holding advances the interests of comity and federalism undergirding the exhaustion doctrine, *see Coleman,* —— U.S. at ——, —— – ——, 111 S.Ct. at 2552, 2554–55; *Lundy,* 455 U.S. at 522, 102 S.Ct. at 1205, and will allow the New Jersey courts the opportunity to correct their own errors, if any, *see Keeney,* —— U.S. at ——, 112 S.Ct. at 1719.

## IV.

For the foregoing reasons, we believe the district court should not have found the unexhausted claims procedurally defaulted under state law. We will reverse and remand, directing the district court to vacate the order granting the writ of habeas corpus and dismiss the petition without prejudice.

---

**8.** Although it is not analyzed in the district court opinion, we do not believe New Jersey Court Rule 3:22–12, which poses a five-year limitation period for the filing of postconviction relief petitions, mandates a different result. In *Gibson,* we stated that petitioner "has not explained in his presentation to this court the reason for his failure to raise [his unexhausted claim] with-

in the requisite five years. We have no basis for assuming that the express provision for relief from the procedure time bar cannot or would not be available to *Gibson.*" *805 F.2d at 139.* This statement is equally applicable here. Toulson has not explained his failure to raise the three claims on his petition to the New Jersey Supreme Court.