

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-1996

# Doctor v. Walters

Precedential or Non-Precedential:

Docket 95-3484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Doctor v. Walters" (1996). *1996 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

_____

No. 95-3484
_____

GARY LEE DOCTOR,
Appellant

v.

GILBERT A. WALTERS,
Appellee

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 94-cv-1991)

_____

Argued:  June 4, 1996

Before: SCIRICA, ROTH, Circuit Judges, and
O'NEILL, District Judge

(Filed September 24, 1996)

SHELLEY STARK, ESQUIRE (ARGUED)
KAREN S. GERLACH, ESQUIRE
Federal Public Defender
415 Convention Tower
960 Penn Avenue
Pittsburgh, PA 15222

Attorney for Appellant


ROBERT E. COLVILLE, ESQUIRE
District Attorney

KEMAL ALEXANDER MERCILI, ESQUIRE
Assistant District Attorney

RUSSEL BROMAN, ESQUIRE
Assistant District Attorney

THOMAS N. FARRELL, ESQUIRE (ARGUED)
Assistant District Attorney
Office of the District Attorney
401 Allegheny County Courthouse

Pittsburgh, Pennsylvania 15219-2489

Attorneys for Appellee
_____

OPINION OF THE COURT
_____

O'NEILL, District Judge:

Petitioner Gary Doctor appeals the dismissal of his petition for a writ of habeas corpus. The court below dismissed the petition because: (1) Doctor failed to exhaust his state remedies; and (2) the Pennsylvania courts refused to consider the merits of his direct appeals based on an independent and adequate state procedural rule. We conclude that Doctor did not exhaust his state remedies and that it would not be futile to require him to raise his unexhausted claims under Pennsylvania's Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46 (Supp. 1996). Accordingly, we will affirm the district court's dismissal of Doctor's petition. Because Doctor may resubmit his petition with only exhausted claims we also address the district court's second basis for dismissing the petition and hold that the fugitive forfeiture rule as applied to Doctor was not an independent and adequate state procedural rule which would bar federal habeas corpus review.

Doctor was charged with aggravated assault in July, 1985. On June 24, 1986, during the lunch recess of his criminal bench trial, and following the presentation of the Commonwealth's case, Doctor fled. Upon Doctor's failure to return, the trial court issued a bench warrant and recessed the proceedings. On August 29, 1986, the trial court entered a guilty verdict against Doctor, apparently without conducting any further proceedings or attempting to inform Doctor, his attorney or the Commonwealth about its intention to enter a verdict.

Doctor remained at large for over five years until he was arrested on January 25, 1992 in Butler County, Pennsylvania. On April 14, 1992, the trial court sentenced Doctor to a term of 49 to 98 months. On June 5, 1992, Doctor filed a pro se "Petition for Habeas Corpus" in the Pennsylvania Supreme Court, Appendix 279-284, which was denied on August 21, 1992. While that petition was pending, he filed a timely direct appeal to the Pennsylvania Superior Court. On May 13, 1993, the Superior Court, without reaching the merits of any of his claims, quashed Doctor's appeal pursuant to Pa.R.App.P. 1972(6). This fugitive forfeiture rule allows a Pennsylvania appellate court "to quash" an appeal "because the appellant is a fugitive." The Superior Court then denied Doctor's Application for Reargument. The Pennsylvania Supreme Court denied Doctor's Petition for Allowance of Appeal without opinion on November 29, 1993. Thereafter the United States Supreme Court denied Doctor's petition for a writ of certiorari.

On November 29, 1994, Doctor filed a pro se habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. The district court, adopting the report and recommendation of a magistrate judge, dismissed Doctor's petition without considering its merits. Doctor

filed a timely notice of appeal to this Court.  On September 19, 1995, the district court granted Doctor's request for a certificate of probable cause to appeal and appointed counsel for him.

The district court had jurisdiction over this matter under 28 U.S.C. § 2254.  We have jurisdiction under §§ 1291 and 2253.  Our review of whether petitioner has exhausted his state remedies is plenary.  Ross v. Petsock, 868 F.2d 639, 640 (3d Cir. 1989).

EXHAUSTION

Generally, a § 2254 petition which includes any unexhausted claims must be dismissed without prejudice for failure to exhaust all state created remedies.  Rose v. Lundy, 455 U.S. 509 (1982). To satisfy the exhaustion requirement the petitioner must present every claim raised in the federal petition to each level of the state courts.  Picard v. Connor, 404 U.S. 270 (1971).  The petitioner must afford each level of the state courts a fair opportunity to address the claim.  Anderson v. Harless, 459 U.S. 4 (1982).  The petitioner's state court pleadings and briefs must demonstrate that he has presented the legal theory and supporting facts asserted in the federal habeas petition in such a manner that the claims raised in the state courts are "substantially equivalent" to those asserted in federal court.  Bond v. Fulcomer, 864 F.2d 306, 309 (3d. Cir. 1989).  The state courts need not discuss or base their decisions upon the presented claims for those claims to be considered exhausted.  Picard, 404 U.S. at 275.

The district court, adopting the findings of the magistrate judge, concluded that "Doctor's 6th Amendment claim was never presented to any Pennsylvania appellate court." Appendix at 301.

In his § 2254 petition Doctor asserts the following grounds for relief:

No record of trial of Absentia said to have been held on Aug. 29th 1986 – I was not convicted in a court of law – I was never told on record or otherwise I was found guilty – I was never given any appeal rights before or after sentencing. No attorney is on record to have represented me in the mysterious absentia trial held – the trial transcripts in my case stop on page 129 at which time case was continued generally, this was on June 25, 1986. The court docket shows a conviction date of 8/29/86 – written in on April 14, 1992 – The trial court Judge has written an opinion on Oct. 2, 1992 and cited cases (Com. v. Jones) 1992 and Com. v. lines, 609 A.2d 134 pa. Super 1992. These cases do not apply to me – but are only stated to keep another court from reviewing the record and transcript both which will reveal there was no trial of absentia on Aug. 29th, 1986 – my Rights to appeal is and has been obstructed by lower Court's false opinion and misconduct.
(Grounds)
1. Due Process 14th Amendment
2. Right to Appeal
3. Post Verdict Rights
4. 6th Amendment
5. Insufficient Evidence.

Appendix at 144-45.

On appeal Doctor states that his § 2254 petition includes a Sixth Amendment claim alleging a deprivation of his right to trial. See Appellant's Reply Brief at 3 ("By depriving Doctor of a trial, of course the Trial Court also deprived Doctor of all other Sixth Amendment rights, . . . But the critical violation, from which all other violations arose, was the deprivation of a trial."). Doctor claims that the trial court entered a guilty verdict against him without conducting any further proceedings inabsentia or otherwise. We must decide whether Doctor has satisfied the exhaustion requirement by affording all levels of the Pennsylvania courts a fair opportunity to address this claim. Because we find that he has not adequately presented this claim to either the Pennsylvania Superior Court or the Pennsylvania Supreme Court, we conclude that he has not.

Doctor's brief to the Superior Court on direct appeal did not include the Sixth Amendment claim he now asserts. In that brief Doctor raised four issues:

(1) whether the Defendant became a fugitive before post-trial proceedings commenced thereby waiving his rights to proceed on appeal; (2) whether mailing notice to Doctor's address is sufficient notice to satisfy constitutionally required due process whenever an individual may suffer a deprivation of his liberty; (3) whether the trial court's failure to advise Defendant of his Rule 1123 rights, which results in defendant's failure to file Post-Verdict Motions, constitutes a waiver by Defendant of appealable issue; and (4) sufficiency of the evidence.

See Appendix at 172-73. The due process claim raised in the Superior Court brief challenges only whether Doctor received constitutionally required notice of a trial in absentia. The brief does not raise the issue of whether a trial in absentia ever occurred. See Appendix at 183-84. Though inadequate notice of a trial may implicate Sixth Amendment concerns, a claim arising from that lack of notice is distinct from a claim that no trial inabsentia was ever held. Following the Superior Court's May 13, 1993 order which quashed his right to appeal, Doctor filed an Application for Reargument in the Pennsylvania Superior Court. Appendix at 202-05. In this application Doctor, through counsel, stated:

the Trial Court's decision to continue Appellant's trial allows that Court to render a verdict in absentia, absent proof that Appellant received notice of the new trial date and then failed to appear. This Court's decision permits the prosecution and determination of guilt of an individual inabsentia without notice of any proceedings. The same is a gross violation of the due process required by both the United States and Pennsylvania Constitutions.

Id. at 203-04. Doctor argues that this claim, without explicitly invoking the Sixth Amendment, incorporates it by reference to 14th Amendment due process. Even if this were so, mere invocation of a legal principle is insufficient to apprise the state courts of the

facts and legal theories of the claim he now asserts. We therefore cannot find that a claim concerning the adequacy of notice of a trial in absentia is "substantially equivalent" to a claim that no trial in absentia ever occurred as is necessary to satisfy the exhaustion requirement. See Bond, 864 F.2d at 309. Thus, the Superior Court did not have a fair opportunity to address Doctor's Sixth Amendment claim that the trial court never conducted a trial in absentia.

Nor did Doctor state the instant Sixth Amendment claim in his brief to the Pennsylvania Supreme Court. In that brief Doctor framed the issues as follows:

(1) whether the Superior Court's decision to quash Doctor's appeal is contrary to the United States Supreme Court's 1993 decision in Ortega-Rodriguez v. United States; (2) whether the Superior Court's decision to quash Doctor's appeal is contrary to Commonwealth v. Harrison, 432 A.2d 1083 (Pa. Super. 1981); (3) whether the Trial Court's reliance on Pa.R.A.P. 1972(6) is in error, and in violation of both the United States and Pennsylvania Constitutions; and (4) whether prosecution inabsentia without notice of proceeding is a gross violation of an individual's Constitutional right to due process.

See Appendix at 221. This brief did not assert that a trial inabsentia was never held.

Doctor argues, however, that he presented his Sixth Amendment claim to the Pennsylvania Supreme Court in a separate, pro sepetition brought pursuant to 43 Pa.C.S. § 721 and filed on June 24, 1992. In that petition, Doctor asserts "Defendant...was convicted in Pittsburgh, Penna. was denied due-process, under 5th and 14th Amendment under United States Constitution and Article 1 section 9 of Pa. Constitution." Appendix at 280. He further asserts "[d]efendant again is denied due process under 5th and 14th Amendment of U.S. Constitution, and Under Article 1 section 9 of the Pa. Constitution; by being sentenced without an official verdict of guilt." Id. at 281. Doctor does not allege in this petition that a verdict was entered without the trial court ever conducting a trial in absentia. Though this challenge to the validity of the verdict does touch upon Doctor's challenge to the deprivation of his right to a trial, it falls short of raising the legal theory and facts supporting the Sixth Amendment claim he now asserts. Thus Doctor has not afforded the Pennsylvania Supreme Court a fair opportunity to address his claim. See Bond, 864 F.2d at 309.

Moreover, Doctor filed his original petition for a writ of habeas corpus before he filed his appeal to the Superior Court. The Pennsylvania Supreme Court denied his habeas corpus petition per curiam and without opinion: (1) while his direct appeal to the Superior Court was still pending; and (2) over a year before Doctor filed his Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Under Pennsylvania law habeas corpus relief is not available "if a remedy may be had by post-conviction hearing proceedings authorized by law," 42 Pa.C.S. § 6503(b), and "may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is not a substitute for appellate review." Commonwealth v. Wolfe, 605 A.2d 1271, 1273 (Pa.

Super.), appeal denied, 612 A.2d 985 (Pa. 1992) (citations omitted); see also Commonwealth v. McNeil, 665 A.2d 1247, 1250 (Pa. Super. 1995) (same).

Under these circumstances, even if his petition for a writ of habeas corpus to the Pennsylvania Supreme Court included the Sixth Amendment claim now asserted, his claims were untimely and the exhaustion requirement would arguably not be satisfied. SeePitchess v. Davis, 421 U.S. 482 (1975) (exhaustion requirement is not satisfied where denial of extraordinary writ cannot be fairly read as an adjudication on the merits of the claims and appellate review is available); Ex Parte Hawk, 321 U.S. 114 (1944).

Doctor's attempts to present to the Pennsylvania appellate courts his claim that the trial court never conducted a trial inabsentia does not "represent substantial compliance with the . . . exhaustion requirement." Bond, 864 F.2d at 309. Therefore, Doctor must exhaust his state remedies before he can seek federal habeas relief unless such an attempt would be futile. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

                          FUTILITY
Doctor argues that even if he has not effectively exhausted his Sixth Amendment claim requiring him to return to state court would be futile because the Pennsylvania courts, having already determined that he waived his right to a direct appeal, will not address a petition under the PCRA.

Though in general a § 2254 petition which includes any unexhausted claims must be dismissed for failure to exhaust all state remedies, Lundy, 455 U.S. 509, this requirement does not apply when the unexhausted claims are procedurally barred. In such a case, although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims. Toulson, 987 F.2d at 987 (citations omitted); Clark v. Commonwealth, 892 F.2d 1142, 1147 n.6 (3d Cir. 1989). In such instances compliance is excused because any further attempts to assert the claims would be futile.

A petitioner's failure to exhaust state remedies is, however, excused only when state law "clearly foreclose[s] state court review of [the] unexhausted claims." Toulson, 987 F.2d at 987. If the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings. SeeVasquez v. Hillery, 474 U.S. 254, 257 (1986); Toulson, 987 F.2d at 987. In the instant case, all avenues of direct appeal are clearly foreclosed. Therefore, we must determine whether state collateral review is "clearly foreclosed," as to render further state proceedings futile.

Collateral review of a criminal conviction is available in Pennsylvania under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–46 (Supp. 1996). To be eligible for relief under the PCRA, a petitioner must demonstrate that the claim has not been waived. §

9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Id. at § 9544(b)(3). As the Pennsylvania courts have noted, "nearly all claims are waived under the PCRA since nearly all claims potentially could have been raised on direct appeal. This applies even if the first-time petitioner never has obtained appellate review." Commonwealth v. Eaddy, 614 A.2d 1203, 1207-08 (Pa. Super. 1992), appeal denied, 626 A.2d 1155 (Pa. 1993); accordCommonwealth v. Stark, 658 A.2d 816, 820 (Pa. Super. 1995). Thus it appears that on collateral review the Pennsylvania courts would hold that Doctor waived the right to assert his Sixth Amendment claim on at least one of two separate grounds: (1) because his submissions to the Superior Court and/or the Pennsylvania Supreme Court failed to raise that claim; and (2) because under the fugitive forfeiture rule he waived all rights to have his claims considered. However, we find that PCRA review is not clearly foreclosed because Doctor may be able to demonstrate a "miscarriage of justice" warranting "departure from the PCRA's stringent eligibility requirements." See Commonwealth v. Fiore, 665 A.2d 1185, 1193 (Pa. Super. 1995) (Hoffman, J., concurring) (citations omitted), appeal denied, 675 A.2d 1243 (Pa. 1996).

There are limited exceptions allowing assertion of a claim that would be considered waived. In Commonwealth v. Lawson, 549 A.2d 107, 112 (Pa. 1988), the Pennsylvania Supreme Court held that issues never raised on direct appeal or in previous postconviction petitions are deemed waived, precluding their consideration in successive postconviction petitions, unless the petitioner can demonstrate a "miscarriage of justice, which no civilized society can tolerate." Petitioner must demonstrate: (1) that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate; or (2) actual innocence. Commonwealth v. Szuchon, 633 A.2d 1098, 1100 (Pa. 1993). A miscarriage of justice "can only occur where it is demonstrated that a particular omission or commission was so serious that it undermined the reliability of the outcome of the proceeding. Where a conviction can be shown to result from a breakdown in the adversary process, the conviction rendered is unreliable. Such a conviction is obviously prejudicial to the defendant and, if allowed to stand, is a miscarriage of justice." Lawson, 549 A.2d at 112 (Papadakos, J., concurring).

Doctor alleges facts that could support a finding that "the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate." Szuchon, 633 A.2d at 1100. Doctor's allegations and citations to evidence in the record indicate that a judge entered a verdict against him without convening any proceedings in open court and without any semblance of resuming adversary proceedings. These contentions could be construed as giving rise to a claim of a serious breakdown in the adversary process. Such allegations, if true, raise concerns much more serious than defects in a trial that do not entirely negate the existence or appearance of a public trial as required by the Sixth Amendment. Cf. Lawson, 549 A.2d at 110 (allegation that trial did not timely commence does not

demonstrate a miscarriage of justice); Commonwealth v. Williams, 660 A.2d 614, 618 (allegation that petitioner was not informed of the elements of the crimes to which he pled nolo contendere, that his speedy trial rights were violated, and that the sentence imposed exceeded the guidelines and abused discretion did not indicate a miscarriage of justice).

The exhaustion requirement reflects concerns of comity and federalism which require this Court to give state courts first opportunity to "consider allegations of legal error without interference from the federal judiciary."  Hillery, 474 U.S. at 257.  Although exhaustion may be excused where return to the state courts would be futile, we must be certain that state review is clearly foreclosed lest we deprive state courts of an "opportunity to correct their own errors, if any."  Toulson, 987 F.2d at 989 (citation omitted).  It is therefore not for this Court to decide whether the Pennsylvania courts will conclude that the defects in the proceedings surrounding Doctor's conviction rise to the level of a miscarriage of justice as defined by Pennsylvania law.  We cannot conclude that there is no chance that the Pennsylvania courts would find a miscarriage of justice sufficient to override the waiver requirements and permit review under the PCRA. Accordingly, we conclude that a return to state court would not be futile.

PROCEDURAL DEFAULT

Though the foregoing analysis mandates dismissal of Doctor's petition and thus affirmance of the court below, Doctor may resubmit a petition asserting only his exhausted claims. Lundy, 455 U.S. at 520.  Should this occur the district court will again be faced with the question of whether Doctor is entitled to federal habeas review of his procedurally defaulted claims.  Therefore, in the interests of judicial economy we will address the district court's holding that the fugitive forfeiture rule bars federal habeas review of Doctor's claims.  A petitioner is entitled to federal review of procedurally defaulted claims only if he can demonstrate that (1) the procedural rule was not "independent" and "adequate" or (2) cause for his failure to comply with state procedural rules and prejudice resulting th