**Christopher FREDERICK**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Civil Action No. 95–1692.

United States District Court, E.D. Pennsylvania.

May 16, 1996.

Lanier E. Williams, Philadelphia, PA, for Plaintiff.

Nicholas J. Staffieri, SEPTA Legal Division, Philadelphia, PA, for Defendant.

### MEMORANDUM

JOYNER, District Judge.

Plaintiff, Christopher Frederick, moves this Court to reconsider our Memorandum and Order of February 29, 1996, granting Defendant, Southeastern Pennsylvania Transportation Authority's (SEPTA) Motion for Summary Judgment. The purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence," not to re-argue the issue. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

### 1. Suspension

Plaintiff disagrees with this Court's decision not to consider his claim that his due process rights were violated with respect to his pre-termination suspension. We held that this claim was not fairly raised by the Complaint and that it was therefore not before the Court. Plaintiff asserts that it was before the Court through the allegation in his Complaint that "Defendant's acts and practices set forth herein constitute denial of pretermination procedural due process of law," because suspension is part of the pretermination procedure. Plaintiff also declares that even if suspension is not before this Court, we should grant him leave to amend under Fed.R.Civ.P. 15(b) because this issue was tried by either express or implied consent of the parties. Given the above arguments, we will consider Plaintiff's suspension arguments.

Plaintiff asserts that SEPTA's doctor suspended or "held" Plaintiff from work on March 24, 1993 when Plaintiff's positive drug test results arrived. Plaintiff contends that he was denied due process of law because he was not given a hearing before this suspension. Plaintiff agrees that he met with SEPTA's doctor the next day and was told of the positive drug test result. At this meeting, Plaintiff demanded a re-test of the sample and explained to the doctor that he had been taking medication that could have affected the result.

SEPTA contends that it followed a negotiated agreement known as the Integrated Program of Education, Assistance, and Testing for Intoxicants and Controlled Substances. This Program has been judicially approved by this Court and the Third Circuit as meeting all the due process required by the Fourteenth Amendment. *T.W.U., Local 234 v. SEPTA*, 678 F.Supp. 543 (E.D.Pa.), *aff'd*, 863 F.2d 1110 (3d Cir.1988), *vacated and remanded on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 560 *aff'd in relevant part*, 884 F.2d 709 (3d Cir.1989). The Integrated Program provides that when an employee tests positive for drug use, the employee shall "be given an immediate and confidential appointment with the Medical Department" and shall "be removed from operation pending further procedures." The employee is to be given an opportunity to inspect and discuss the report and request a re-test. If it results that the positive result was incorrect, the employee shall be "returned to work with back pay."

The uncontested evidence demonstrates that this is exactly the procedure that was followed in Plaintiff's case. According to Plaintiff's deposition testimony, SEPTA's Medical Department received his positive drug test result on March 24, 1993, he was removed from operation that day, given a meeting with the Medical Department at 9:00 a.m. the next day, at which meeting he discussed the results of his test with SEPTA's doctor and requested a re-test.

The Integrated Program has been held to comply with due process and the Integrated Program does not provide for a hearing before a medical suspension in these circum-

stances. *Dykes v. SEPTA,* 68 F.3d 1564 (3d Cir.1995). Therefore, SEPTA's failure to provide Plaintiff with a hearing on March 24, 1993 did not violate his right to due process. Based on this, upon reconsideration of SEPTA's Motion for Summary Judgment and Plaintiff's Cross–Motion for Partial Summary Judgment, summary judgment is granted in Defendant's favor and against Plaintiff on the suspension issue.

### 2. *Termination*

■ Plaintiff also charges that we misapplied the law when we granted Defendant's Motion for Summary Judgment on Plaintiff's termination claim and that we did not take the facts in the light most favorable to Plaintiff. We find that Plaintiff's first assertion is a re-argument of the issue, and is not, accordingly, a basis for reconsideration. *Harsco,* 779 F.2d at 909. Nor will we reconsider based on Plaintiff's second assertion. As we must on summary judgment, we took all the evidence in Plaintiff's favor, but still found that it did not create genuine issues of material fact. Accordingly, we deny Plaintiff's motion to reconsider our decision on his termination.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of May, 1996, upon consideration of Plaintiff's Motion for Reconsideration, the Motion is hereby GRANTED in PART and DENIED in PART. In accordance with the attached Memorandum, we hereby GRANT reconsideration of our ruling as to Plaintiff's suspension claim, and upon reconsideration of SEPTA's Motion for Summary Judgment and Plaintiff's Cross–Motion for Partial Summary Judgment, summary judgment is hereby GRANTED in Defendant's favor and against Plaintiff on the suspension claim. FURTHER, we hereby DENY reconsideration of our ruling as to Plaintiff's termination claim.