Otis PETERKIN

v.

Martin HORN, et. al.

No. Civ.A. 95–CV–3989.

United States District Court, E.D. Pennsylvania.

Dec. 15, 1998.

514

Billy H. Nolas, Center of Legal Education, Advocacy & Defense Assistance, Philadelphia, PA, for plaintiff.

Donna G. Zucker, Philadelphia District Attorneys Office—Federal Litigation, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This habeas corpus matter is once again before the Court upon Motion of the Respondents for Reconsideration of our Order of December 17, 1997 granting Petitioner leave to take limited discovery in support of his outstanding petition. For the reasons which follow, the Respondents' motion shall be granted.

### Background

This case arises out of Petitioner's September, 1982 conviction for the robbery and murder of two employees at the Sunoco service station at Broad and Catherine Streets in South Philadelphia on November 29, 1981. Following the denial of his motion for post-trial relief, Petitioner was sentenced to death and his convictions and sentence were both upheld by the Pennsylvania Supreme Court on direct appeal. Mr. Peterkin's petition for certiorari was denied by the U.S. Supreme Court in 1987.

Subsequently, Petitioner sought relief under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et. seq.* raising, *inter alia,* numerous claims of ineffective assistance of counsel. The trial court also denied that petition and that decision was likewise affirmed by the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 9546(d)[1] on October 12, 1994. The U.S. Supreme Court again denied Petitioner's application for writ of certiorari by order of June 12, 1995.

Mr. Peterkin, then acting *pro se,* instituted this action on June 27, 1995 by filing a re-

---

**1.** Prior to amendment in 1995, "[a] final order under [the PCRA] in a case in which the death penalty has been imposed shall be directly ap- pealable only to the Supreme Court pursuant to its rules." 42 Pa.C.S. § 9546(d).

516

quest for appointment of counsel. This request was granted and court-appointed counsel filed a petition for habeas corpus in this court on December 5, 1996. A motion to conduct discovery was also filed on petitioner's behalf on February 21, 1997. On December 17, 1997, this Court granted this motion in part[2] and petitioner was given leave to subpoena crime scene photographs and fingerprint information from the Philadelphia Police Department. It is this Order that Respondents ask be reconsidered for the reason that while "Petitioner wishes to examine fingerprint data in an effort to develop a claim that trial counsel was ineffective because he did not review fingerprint evidence, ... [t]his claim of trial counsel ineffectiveness has not been litigated in the state courts. It is thus either unexhausted or procedurally barred.... Unexhausted and procedurally barred issues can provide no basis for federal habeas corpus relief."

### Standards Governing Motions for Reconsideration

■ The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985); *Frederick v. Southeastern Pennsylvania Transportation Authority*, 926 F.Supp. 63, 64 (E.D.Pa.1996). A party filing a motion to reconsider must rely on at least one of the following grounds: (1) the availability of new evidence that was not available when the court granted the motion; (2) an intervening change in the controlling law; or (3) the need to correct an error of law or to prevent manifest injustice. *Hartford Fire Insurance Company v. Huls America, Inc.*, 921 F.Supp. 278, 279 (E.D.Pa.1995); *Prousi v. Cruisers Division of KCS International, Inc.*, 1997 WL 793000, at *3 (E.D.Pa.1991). Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. *Harsco, supra. See Also: North River Ins. Co.*

*v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir.1995). Respondents here appear to be invoking the third criterion, *i.e.*, the need to correct an error of law or prevent manifest injustice.

### Discussion

Rule 6 of the *Rules Governing Section 2254 Cases* outlines the parameters for the taking of discovery in habeas corpus matters. That Rule states, in relevant part:

(a) **Leave of court required.** A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise ...

■ Thus a habeas petitioner, unlike the civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1796–1797, 138 L.Ed.2d 97 (1997). In evaluating requests for discovery in habeas matters, the Supreme Court has held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Id.*, 117 S.Ct. at 1799 citing *Harris v. Nelson*, 394 U.S. 286, 299, 89 S.Ct. 1082, 1091, 22 L.Ed.2d 281 (1969).

■ Of course, under 28 U.S.C. § 2254(b)(1)(A), it is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus filed by a person incarcerated from a judgment of a state court unless the petitioner has first exhausted the remedies available in the state courts. *See: Toulson v. Beyer*, 987 F.2d 984 (3rd Cir. 1993).

---

2. Petitioner's Motion to Conduct Discovery also sought permission to subpoena from Sun Oil Company any documents and/or other materials relating to any investigation which it may have conducted into the November 29, 1981 murders/robbery and any investigative reports of prior robberies occurring at the Broad and Catherine Street Sunoco service station. As we could

not find that such information was relevant to any of the grounds which petitioner was advancing in support of his request for habeas relief, the motion to conduct discovery was denied in this respect. Neither petitioner nor respondent has requested reconsideration of this aspect of our December 17, 1997 order.

To satisfy the exhaustion requirement, the petitioner must present every claim raised in the federal petition to each level of the state courts thus affording each level of the state courts a fair opportunity to address the claim. *Doctor v. Walters*, 96 F.3d 675, 678 (3rd Cir.1996) citing *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) and *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Indeed, the petitioner's state court pleadings and briefs must demonstrate that he has presented the legal theory and supporting facts asserted in the federal habeas petition in such a manner that the claims raised in the state courts are "substantially equivalent" to those asserted in federal court. *Id.* "Substantial equivalence" has been interpreted by the Third Circuit to mean that both the legal theory and the facts on which a federal claim rests must have been presented to the state courts. *Landano v. Rafferty*, 897 F.2d 661, 669 (3rd Cir.1990). If a habeas corpus petition is "mixed," i.e., contains both exhausted and unexhausted claims, it should be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3rd Cir.1986).

■■■■■ The exhaustion requirement is excused, however, where no available state corrective process exists or the particular circumstances of the case render the state process ineffective to protect the petitioner's rights. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir.1997), citing 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Thus, a petitioner will not be deemed to have exhausted the available state court remedies so long as he has the right under state law to raise the question presented by any available procedure. A petitioner who has raised an issue on direct appeal is not required to raise it again in a state post-conviction proceeding. *Id.*, citing *Evans v. Court of Common Pleas, Delaware County, Pennsylvania*, 959 F.2d 1227, 1230 (3rd Cir.1992). If a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies. *Lambert*, 134 F.3d at 515.

■■■■■ Similarly, the exhaustion requirement does not apply when the unexhausted claims are procedurally barred. *Doctor v. Walters*, 96 F.3d at 681. This is because in such a case, although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims. *Id.*, citing *Toulson v. Beyer*, 987 F.2d at 987. Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion given that there are no state remedies any longer "available" to him. *Coleman v. Thompson*, 501 U.S. 722, 731–732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

In Pennsylvania, the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et. seq.* (PCRA), "[p]rovides for an action by which persons convicted of crimes that they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Section 9543(a) of the Act provides in relevant part that "[t]o be eligible for relief ...', a petitioner must plead and prove by a preponderance of the evidence, all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel."

An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue" or "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a). "Waiver," in turn occurs with respect to an issue "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Finally Section 9545(b) of the PCRA prescribes the time within which a petition for relief under the Act must be filed:

(1) Any petition under this subchapter, including a second or subsequent petition shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

In reviewing this case in light of the preceding principles, it is clear that the PCRA constitutes an available state corrective process by which the petitioner here could challenge (and in fact has challenged) his conviction and sentence. *See: Commonwealth v. Peterkin,* 538 Pa. 455, 649 A.2d 121 (1994). It is also clear that the basis for petitioner's request to discover the Philadelphia Police Department's investigative files and materials is to develop a claim that petitioner's trial counsel was ineffective for failing to request or move for disclosure of these materials from the prosecution. Inasmuch as the record before us reflects that this claim was not previously raised on either direct appeal or through petitioner's prior PCRA petition,[3] we thus must determine

---

3. In our December 17, 1997 Order, we conclud-ed that petitioner's proposed ineffective assis-

whether Mr. Peterkin may still be able to raise this claim through the state court system or whether it has been procedurally defaulted .[4]

In this regard, it certainly appears that petitioner's ineffective assistance of counsel claim would be deemed to be procedurally defaulted and that circumstances thus exist which render the PCRA process ineffective to protect Mr. Peterkin's rights. To be sure, § 9543(a)(3) dictates that to be eligible for relief under the PCRA, the petitioner must prove that the claim then being raised was neither previously litigated nor waived, while § 9544 defines waiver in the context of the petitioner having had the opportunity to raise the disputed issue "before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." Given that there is no showing that Mr. Peterkin could not have raised the question of his trial counsel's effectiveness with regard to obtaining discovery of the Police Department's investigative materials at the post-trial motions stage, on appeal to the Pennsylvania Supreme Court or in his first PCRA petition, it appears highly likely that the state court will deem this issue to have been waived under the PCRA.

Additionally, it further appears that under the one-year statute of limitations set forth in § 9545(b) of the PCRA, Mr. Peterkin's PCRA petition will be procedurally barred given that it is not being filed within one year of the date his judgment of conviction became final (July 25, 1986). *See: Commonwealth v. Peterkin,* 511 Pa. 299, 513 A.2d 373 (1986).

Nevertheless, as several recent Third Circuit decisions make clear, the mere appearance of procedural default is not a sufficient basis to justify a district court's consideration of non-exhausted claims on their merits. In *Christy v. Horn,* 115 F.3d 201, 206 (3rd Cir.1997), the Court recognized "that in rare cases, exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim," that the "federal courts are to exercise discretion in each case" in deciding whether to entertain an unexhausted claim, and that "such (limited) circumstances exist when, for example, state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile." *Christy,* 115 F.3d at 206–207, citing *Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987). The *Christy* court went on to hold that sufficient "unusual circumstances" were not presented there despite the fact that dismissal of a mixed petition created a risk that petitioner would be executed before his federal claims could be litigated in federal court. Instead,

---

tance of counsel claim for trial counsel's failure to seek disclosure of the police department's investigative files was effectively included in Mr. Peterkin's earlier assertion that trial counsel was ineffective in failing to investigate the facts and interview witnesses. It is this finding which we reverse here for the reason that our reexamination of the record in this matter in light of the law's clear mandate that both the legal theory and the facts on which the federal claim is based must have been first presented to the state court leads us to now believe that the claim being pursued here is not the "substantial equivalent" of that which was previously raised before the state court.

4. Specifically, on direct appeal petitioner asserted that his trial counsel was ineffective in the following respects:
(1) Presenting no character evidence at trial;
(2) Presenting no mitigating evidence at trial;
(3) Failing to object to the prosecutor's statement at closing that the jury should be as cold and ruthless as he (petitioner) was;

(4) Failing to object to the erroneous instruction to the jury during the penalty phase of the trial;
(5) Failing to object to the manner in which the jury recorded its sentencing verdict.
In his first PCRA petition, Mr. Peterkin raised as additional examples of ineffective assistance of counsel:
(1) The failure to investigate facts and interview witnesses;
(2) The failure to research and know the applicable law;
(3) The failure to present mitigating evidence;
(4) The failure to gather character witnesses and prepare for sentencing;
(5) Separating himself from petitioner by stating his opening statement that he was court-appointed counsel;
(6) In his closing argument, in asking the jury to reach conclusions without evidentiary support.

**520**

the court found that "the mere risk that Pennsylvania courts will not stay the execution cannot amount to an 'unusual circumstance.'" The appropriate inquiry must be whether an execution is "imminent." *Id.* at 207.

Likewise, in *Lambert v. Blackwell, supra,* the court was faced with the question of whether the petitioner's numerous ineffective assistance of counsel and other claims were foreclosed from state court review because they would necessarily be filed after the one-year limitations period of the PCRA and thus whether exhaustion of Ms. Lambert's state remedies would be futile. After reviewing Pennsylvania law construing the PCRA, the Court of Appeals found that it was unclear after the 1995 amendments to the Act whether the Pennsylvania courts would allow a showing of miscarriage of justice to overcome the waiver provisions and thus it could not say with certainty that requiring petitioner to seek review of her claims in the state court would be futile. 134 F.3d at 522. The appeals court thus decreed that "[i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings." *Id.,* at 519, citing *Vasquez v. Hillery,* 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986) and *Toulson v. Beyer, supra,* 987 F.2d at 987.

As the foregoing cases evince, it is virtually impossible for this Court to definitively predict if the Pennsylvania state courts would entertain Petitioner's additional grounds for an ineffective assistance of counsel claim and if so, what the outcome of that petition would be. Pursuant to the directives in *Lambert* and *Christy* discussed above, given this uncertainty and the unexhausted nature of the ineffective assistance of counsel claim at issue, we would now agree with Respondents that the discovery request which we granted on December 17, 1997 is premature. Accordingly, that part of the December 17, 1997 Order permitting Mr.

Peterkin to take discovery from the Philadelphia Police Department is vacated and reversed.

An order follows.

### ORDER

AND NOW, this 15th day of December, 1998, upon consideration of the Respondents' Motion for Reconsideration of this Court's Order of December 17, 1997 and Petitioner's response thereto, it is hereby ORDERED that the Motion is GRANTED and for the reasons set forth in the preceding Memorandum, that portion of the December 17, 1997 Order giving Petitioner leave to subpoena documents, photographs, and investigative materials from the Philadelphia Police Department is VACATED.

IT IS FURTHER ORDERED that the December 17, 1997 Order is amended to deny Petitioner's Motion to Conduct Discovery in all respects.